STATE of Missouri, Respondent,

v.

Ada PERRY, Appellant.

No. 57363.

Supreme Court of Missouri,
Division No. 2.

Oct. 8, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Bell, Wilson, Fullwood & Harris, by James A. Bell and Allen I. Harris, St. Louis, for defendant-appellant.

HOUSER, Commissioner.

Ada Perry appeals from a judgment of conviction of carrying a concealed weapon and a 2-year sentence entered after trial by the court upon jury waiver. We have jurisdiction of this felony appeal, which was filed before January 1, 1972.

The State's evidence showed the following: On May 7, 1970 a person who stated that he was a Bi-State bus driver reported to the police by telephone that on that day at 5:45 p. m. at 4500 Easton Avenue in the City of St. Louis he observed the occupants of a blue-painted Volkswagen, bearing Missouri license number CF1–587, flourishing a weapon, and that the automobile was last seen at Easton and Burd Avenues. The police radio dispatcher broadcast that a Bi-State bus driver had called in this information at about a quarter to six and that "the occupant" was wanted for "flashing" a pistol. The identity of the occupant or occupants was not given, nor was their number, sex or dress described. Two detectives heard the broadcast about 6:00 p. m. At approximately 6:45 p. m. the officers saw a blue-painted Volkswagen, bearing the above-described license plate, driving south on Burd Avenue, at a point two blocks from where the Volkswagen had last been seen. Two men were in the front and a woman—this appellant—was in the back seat. Acting on the basis of the broadcast information the officers stopped the car. The three occupants were ordered to alight, after which they were advised that they were under arrest for flourishing a dangerous and deadly weapon. The officers then searched them. In appellant's purse the officers found a .22 calibre revolver and five live rounds of ammunition. Test fired at a police laboratory the revolver was found to be operable. Appellant was booked for carrying a concealed weapon. A motion to suppress was overruled and over objection the revolver was introduced in evidence at the trial.

The question on this appeal is whether there was probable cause for the officers to make a warrantless arrest and search under these circumstances. Appellant argues that probable cause did not exist; that appellant was arrested on a radio broadcast which stated that an anonymous informant had reported a flourishing upon an unknown victim, without giving any facts relating to the incident that would in

any way lend credence or corroboration to the statement of the informant.

Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1970), on which appellant places sole reliance, is not controlling. The informer in that case, not an eyewitness, was a mere "tipster." In Whiteley an arrest warrant issued, based upon a complaint, but the fact that the complaint was based upon an informer's tip was omitted. Nor was the description of the automobile received from an eyewitness who claimed to have seen the vehicle at the scene of the crime. Furthermore, the information broadcast over the police radio consisted of nothing more than the conclusion of an officer (not an eyewitness) that the individuals named had perpetrated the offense.

 Whether this arrest was constitutionally valid, and whether the subsequent search incidental thereto was authorized, depends upon whether the officers, at the moment the arrest was made, "had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [appellant] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). The amount of information that constitutes probable cause is not absolute. It must be measured by the facts of each particular case. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Dodson, 491 S.W.2d 334 (Mo. banc 1973). At the moment this arrest was made the officers had the following information and knowledge: A radio report from the police dispatcher that one hour previously an eyewitness (a bus driver) saw the occupants of a blue-painted Volkswagen bearing license number CF1–587 flourishing a weapon at a place in the immediate vicinity—only two blocks distant from the place where the officers observed the above-described and licensed automobile, in which appellant was riding as a passenger.

 In our judgment this information and knowledge was sufficient to warrant the belief that one or more of the occupants of the automobile had committed or were committing an offense; that the officers had probable cause to make an arrest and in connection therewith to conduct a search of the person of appellant and the area within her immediate control (the purse). Schnepp v. Hocker, 429 F.2d 1096 (9th Cir. 1970); United States v. Trotter, 433 F.2d 113 (7th Cir. 1970), cert. den. 401 U.S. 942, 91 S.Ct. 950, 28 L.Ed.2d 224; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Nash v. United States, 405 F.2d 1047 (8th Cir. 1969); Keeny v. Swenson, 458 F.2d 680 (8th Cir. 1972), cert. den. 409 U.S. 1027, 93 S.Ct. 468, 34 L.Ed.2d 321; State v. Murray, 445 S.W.2d 296 (Mo.1969); State v. Keeny, 431 S.W.2d 95 (Mo.1968); State v. Craig, 406 S.W.2d 618 (Mo.1966).

 In the absence of exceptional circumstances not here present a citizen-informant who states that he has witnessed a crime may reasonably be deemed by an arresting officer to be reliable, McCreary v. Sigler, 406 F.2d 1264, 1269 (8th Cir. 1969), cert. den. 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773; Smith v. Swenson, 328 F. Supp. 747 (W.D.Mo.1971), although his reliability has not theretofore been proved or tested. State v. Whorton, 487 S.W.2d 865 (Mo.1972). The informant in this case was no mere tipster suggesting to police the possibility that an offense may have been committed in the past or might be committed in the future. His report was not based upon suspicion, underworld rumors or hearsay. Nor was he giving mere conclusions with respect to the commission of offense. This informant gave a straightforward eyewitness account of what had happened, of his own personal

knowledge. He gave specific information identifying the automobile, including the license number. "There could only be one car in existence that could fit that precise description." Conley v. Beto, 328 F.Supp. 49, 53 (S.D.Tex.1971). His information led the police directly to appellant. United States ex rel. Cardaio v. Casscles, 446 F.2d 632, 636–637 [3] (2nd Cir. 1971). While the informant's name was not made known his occupation of bus driver was given. When the officers located a blue Volkswagen carrying the license number reported by the informant the latter's story that such a vehicle was circulating in the neighborhood was corroborated. The reliability of the informant was strengthened by the corroborating circumstances of the proximity of the place where the vehicle was located by the officers to the place where the informant saw it (two blocks distant) and the nearness in time between the informant's observations and those of the officers (one hour). There was a sufficient basis for the police officers to reasonably give credence to the information supplied; sufficient indicia of reliability to justify the arrest and search incident to the arrest; probable cause to believe that an offense had been committed. It was not necessary that informant recite facts showing that a weapon had been flourished "in a rude, angry or threatening manner," as the offense is defined in § 564.610, RSMo 1969, V.A.M.S. Probable cause does not require absolute certainty that an offense has been committed. United States v. Valentine, 427 F.2d 1344 (8th Cir. 1970). The information in the possession of the arresting officer need not be that quantum of proof necessary to sustain a conviction. State v. Gant, 490 S.W.2d 46 (Mo.1973). We are of the opinion that the officers concerned had not only the right but also the duty to arrest the occupants of the Volkswagen in view of the facts in their possession, and that the search, which produced the revolver, was valid as an incident to a lawful arrest. The fact that appellant was arrested for flourishing a weapon and tried on the different charge of carrying a concealed weapon was not material to the issue whether probable cause existed for arrest without a warrant. Jackson v. United States, 408 F.2d 1165 (8th Cir. 1969), cert. den. 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 114.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.