**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leroy Yates ORE, Defendant-Appellant.**

**No. 39391.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 6, 1978.

Charles H. Staples, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Leroy Ore appeals from a judgment of conviction entered in the circuit court of the City of St. Louis finding him guilty of attempted rape in a court-tried case, and a sentence of forty (40) years imprisonment. A substituted information filed in lieu of the indictment charged appellant with attempted robbery (Count I), attempted rape (Count II) and one prior felony conviction. The trial court found appellant not guilty of attempted robbery.

For reversal of his conviction and sentence, appellant argues that the trial court erred: (1) in finding the testimony of the victim to be sufficiently credible to convict appellant of attempted rape; (2) in abusing its discretion by refusing to grant a new trial on the basis of newly discovered evidence; (3) by failing to commit appellant upon conviction to the custody of the Director of Mental Health; and (4) in imposing an excessive and arbitrary sentence that was grossly disproportionate to the severity of the crime and the evidence adduced in support of the conviction. For reasons hereinafter discussed, we reject each contention, and affirm the judgment.

■ Appellant's first argument appears to assail the credibility of the testimony given in evidence by the prosecuting witness. Rule 26.01(b), V.A.M.R., provides, inter alia, that the finding of the court shall have the force and effect of a jury verdict. Consequently, our appellate courts review the evidence as though a verdict of guilty has been returned by a jury. Hence, if there is substantial evidence to support the findings of the trial court, its judgment should be affirmed. *State v. Sanderson*, 528 S.W.2d 527, 529 (Mo.App.1975); *State v. Daniels*, 487 S.W.2d 465, 469[4] (Mo.1972). Moreover, in criminal cases, on appellate review, we do not weigh the evidence. *State v. Amerson*, 518 S.W.2d 29, 31 (Mo. 1975).

Applying the above appellate review standards to the case at hand, we note first that there is no issue as to appellant's identity nor as to appellant's presence in O'Fallon Park on the morning in question, because appellant admits seeing the prosecuting witness in the park and being propositioned by her. He further testified that after he resisted the victim's advances she grabbed two or three dollars out of his shirt pocket and fled. True, there were some discrepancies in the victim's testimony and that of some of the state's witnesses, but these variations went to the weight of the evidence. Thus, as the trier of the facts, the trial court had substantial evidence before it to make the finding that it did.

That is, on the morning in question appellant accosted the victim, ordered her from her car at pistol point, ordered her to unrobe, opened his trousers and attempted to have intercourse with her but failed because appellant could not maintain an erection. We find this point against appellant.

■ Appellant's second contention centers around an affidavit of a bar keeper that contradicted the prosecuting witnesses' testimony that Rucker's Lounge had a dress code. We view this affidavit of the bar keeper as newly discovered evidence. In *State v. Lindley*, 545 S.W.2d 669, 672 (Mo. App.1976), our court, citing *State v. Harper*, 473 S.W.2d 419, 421[1] (Mo.1971) stated not only that a trial court has broad discretion in determining whether to grant a new trial on the basis of newly discovered evidence but also that courts do not favor granting new trials on that ground. In *Lindley*, citing with approval from *State v. Whitaker*, 312 S.W.2d 34, 41 (Mo.1958), the court listed five allegations that must be shown if the defendant is to prevail on the basis of newly discovered evidence. For our purpose, we note two of the grounds: (1) the materiality must be so great as to probably produce a different result if a new trial was granted; and (2) the object of the testimony did not merely impeach the credibility of a witness. The affidavit, in our view, fails in both respects. First, because it was impeachment upon a collateral matter; and second, because it concerned the credibility of the testimony of the victim. So, we reject this claim of error.

■ A complete answer to appellant's third argument is that nowhere in the record has appellant been declared a habitual sex offender. The substituted information only charges him with being a second offender, whose prior offense just happens to have been a sex offense. No argument was made that appellant was suffering from a mental disease or defect under § 552.010, RSMo 1969. Nor does the record disclose any evidence to show that the trial court had any reason to believe that such a mental disease or defect existed. Consequently, under the circumstances the trial court had

no discretion to commit appellant to any institution other than the Department of Corrections.

 Inasmuch as the punishment assessed was within the range prescribed by § 556.280(1), RSMo 1969, and appellant has shown no prejudice or corruption on the part of the judge, and our supreme court has not seen fit to follow the American Bar Association Standards, Approved 1968, for *Appellate Review of Sentences,* we hold the discretion of the trial court in imposing sentence is virtually absolute. *See State v. Vermillion,* 486 S.W.2d 437, 441 (Mo.1972) (Seiler, J., dissenting).

Accordingly, judgment is affirmed.

CLEMENS, P. J., concurs.

SMITH, J., concurs in result.