STATE of Missouri, Plaintiff-Respondent,

v.

Jimmie Dean HAGER, Defendant-Appellant.

No. 10698.

Missouri Court of Appeals, Southern District, Division II

Jan. 31, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

J. D. Baker, Belisle & Baker, Osceola, for defendant-appellant.

BILLINGS, Presiding Judge.

In a jury-waived trial defendant Jimmie Dean Hager was found guilty of assault with intent to do great bodily harm with malice aforethought in violation of § 559.-180, RSMo 1969.[1] Defendant questions the sufficiency of the evidence to support the guilty verdict, says there was substantial evidence to demonstrate he acted in self-defense, contends he was denied his right to a speedy trial, and erred in the reception of evidence. We affirm.

Our review of the sufficiency of the evidence to support a conviction in a

---

1. The trial court sentenced defendant to a two-year prison term but suspended execution of the sentence and placed him on supervised probation for a like period.

jury-waived criminal case is the same as though a guilty verdict had been returned by a jury and we accept the state's evidence, together with all reasonable inferences deducible therefrom, as true and ignore evidence and inferences to the contrary. *State v. Sanderson*, 528 S.W.2d 527 (Mo.App.1975).

Briefly summarized, the evidence and inferences in support of the verdict are as follows:

Defendant had been formerly married to Donna Gamel, the wife of the victim of the assault, Warren Gamel. A child born to defendant and Donna had been adopted by Warren and there had been harsh words between defendant and Warren concerning defendant's visitation with the child. In May, 1974, Warren and Donna were horseback riding along a country road when they met a car driven by defendant. Defendant was accompanied by his wife and the latter's daughter. Defendant stopped the car, blocking the road. He then proceeded to get out of the car, grabbed the rein of the horse Warren was riding, and challenged Warren to get off of his horse and fight. When Warren declined the defendant's invitation, defendant said: "Well, you son-of-a-bitch, if you won't come down from there I'll knock you down." Defendant picked up a rock, the size of which was described as "sticking out of both ends of his hand", and threw it at Warren. The rock struck Warren and he toppled from his horse, striking his head when he fell. Warren was taken to a doctor who described his injuries as a skull fracture on the left side of his temple above the ear and a laceration on top of his head.

Before Warren was taken to the doctor, Mr. Higgenbotham came upon the scene. He lived nearby and had heard screams for help. When he arrived, he observed "[Defendant] was—had Mr. Gamel partially sitting up and was—looked like he was trying to stop the bleeding." After Warren had been removed from the scene of the fracas, Mr. Higgenbotham came back to the place a short time later. The defendant also came back to where the incident occurred and Mr. Higgenbotham asked the defendant what had happened. Defendant replied: "Mr. Gamel and I had some difficulty—an argument—and I hit him with a rock."

Following evidence of both parties, the 452 page transcript reveals the trial court made extensive findings of fact and conclusions of law in arriving at its verdict and rejecting defendant's defense of self-defense. We have laboriously plowed through the voluminous transcript of this court-tried case and have no difficulty in ruling there was substantial evidence to support the verdict of the tolerant and patient trial judge.

■ Defendant, in his brief and in oral argument, seeks to advance his position of no substantial evidence, by attacking the credibility of the state's witnesses, particularly that of Donna Gamel. Conflicts in evidence and determination of the credibility and the weight to be given to testimony are within the province of the trier of fact, in this case an experienced trial judge, and are not cognizable on appeal. *State v. Kellick*, 521 S.W.2d 166 (Mo.App.1975).

We have reviewed defendant's other points and find no merit in them.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.