**STATE of Missouri, Respondent,**

v.

**Willie WILLIAMS, Appellant.**

**No. 40429.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

William J. Shaw, Public Defender, Frank Anzalone, Richard H. Sindel, Sindel, Sindel & Sindel, Clayton, for appellant.

John Ashcroft, Atty. Gen., Richard Engel, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Robert Adler, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Willie Williams guilty of feloniously stealing eight coats from a Famous-Barr store; the trial court sentenced him to two years' imprisonment. On appeal defendant contends police had no probable cause to arrest him or to seize the coats and, akin to this, that the evidence was insufficient to show he stole the coats. Next, he challenges the court's ruling in preventing him from showing bias of a prosecuting witness by having allegedly criticized a preliminary hearing judge for dismissing the original complaint.

We relate the state's evidence pertinent to defendant's contention of insufficiency. A store clerk testified that when she went to work in the afternoon there were ten coats in her department, which adjoined the store exit. She had sold none and later found eight coats missing. She later identified the missing coats which were then in police custody. A buyer testified the average cost-value of each coat was $25.

The incriminating evidence came from Mr. Bracken Lyster, a store customer who testified: As he was leaving the store defendant and a woman companion entered. He walked about 35 feet to his parked car and about four minutes later, as he was starting his car, he saw defendant and the woman running out of the store, each carrying an armload of coats; he also saw a third person running with clothing. The three ran about a hundred feet to a parked car, driven by a fourth person, got in and started out of the parking lot. Mr. Lyster followed the car to the exit, stopped a few feet behind it, and noted the license number. He then began following at a hundred feet or so and on his CB radio repeatedly called for police assistance to apprehend shoplifters, giving locations of each intersection passed. Police converged on the pursued car and stopped it. A pile of women's coats was in the stopped car, each bearing a Famous-Barr sales tag. Police arrested defendant.

■ We deal first with defendant's basic points. He contends there was no probable cause for his arrest, and therefore that police seizure of the coats was illegal. In *State v. Perry*, 499 S.W.2d 473 (Mo.1973), an arrest was upheld on the basis of a citizen's radio report of circumstances less definite than here. The court held a citizen's report of a crime may reasonably be deemed reliable by arresting officers; that probable cause does not require absolute certainty. And, warrantless searches of automobiles are subject to less stringent judicial scrutiny than other searches. *State v. Johnson,*

558 S.W.2d 424[1, 2] (Mo.App.1977). We hold the evidence showed probable cause to arrest defendant and to seize the reportedly stolen property.

Defendant also challenges the sufficiency of the evidence to show he stole the coats. He primarily relies on *State v. Celmars*, 399 S.W.2d 145 (Mo.App.1966). There, defendant had been in a store, left with cigarette cartons sticking out of his pockets, and later was found nearby in possession of sixteen cartons of cigarettes. The state's witnesses "could not tell whether the cartons of cigarettes had been stolen or purchased from the store." We held that evidence to be insufficient. The case is obviously distinguishable.

The state supports submissibility with more relevant cases. In *State v. Maxie*, 513 S.W.2d 338[5, 6] (Mo.1974), the court upheld a conviction where the only evidence of defendant's presence at the scene of the crime was his fingerprint on a paper box. The court stated the long-standing principle that a crime may be proven by circumstantial evidence even though not conclusive if it is consistent with guilt and inconsistent with innocence. In *State v. Chase*, 444 S.W.2d 398[4–9] (Mo. banc 1969), the court held evidence of defendant's presence at the crime scene and his unexplained joint possession of recently stolen property sufficed to prove larceny. Larceny cases similar to the present case uphold the sufficiency of circumstantial evidence. See *Johnson v. State*, 574 S.W.2d 936[2] (Mo.App.1978); *State v. Garner*, 538 S.W.2d 937 (Mo.App. 1976), and *State v. G'Sell*, 497 S.W.2d 882 (Mo.App.1973).

We hold that the circumstances recited above were consistent with defendant's guilt and inconsistent with his innocence and warranted submission to the jury on the charged crime of stealing.

We deny defendant's challenges to the legality of his arrest and the sufficiency of the evidence to show he stole the coats.

Defendant's remaining point challenges the trial court's denial of his counsel's offer to cross examine Mr. Lyster, the prosecuting witness, about his "possible" complaint to a newspaper and a magistrate about the judicial system, based an the fact the magistrate had (prior to the grand jury indictment) dismissed the original complaint. The court ruled it would permit defense counsel to question the witness about having expressed his attitude toward the result of the preliminary hearing. Then, questioned on voir dire, the witness denied making any such complaints. When the jury was recalled defense counsel abandoned the line of inquiry. Defendant now contends the offered evidence would have shown the possible interest or bias of the prosecuting witness.

Counsel's "offered evidence" that Mr. Lyster had complained about the judicial system was denied by the witness and defense counsel admittedly had no knowledge to the contrary. There is no error in barring such a line of cross examination. *State v. Curry*, 372 S.W.2d 1[4] (Mo.1963). Further, the range of permissible cross examination about bias is largely discretionary and we will not interfere with the trial court's ruling absent a showing of clear abuse. *State v. Neal*, 526 S.W.2d 898[1–4] (Mo.App.1975). We find no such abuse here.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.