STATE of Missouri, Respondent,

v.

Glenn RUFF, Appellant.

No. 42347.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Timothy Braun, Circuit Public Defender, St. Charles, for appellant.

John Aschcroft, Atty. Gen., Mark W. Comley, Kristie Green, Asst. Attys. Gen., Jefferson City, Jess Mueller, Pros. Atty., Troy, for respondent.

CRIST, Presiding Judge.

Appeal from a conviction for assault with intent to do great bodily harm without malice aforethought. The defendant waived his right to a jury. We affirm.

Ruff claims the verdict was not supported by the evidence in that the court failed to take into account the evidence of self-defense and defense of another. In a court tried criminal case the court's finding has the force and effect of a jury verdict. Hence, we will affirm that finding if it is supported by substantial evidence. *State v. Ore,* 567 S.W.2d 691, 693 (Mo.App.1978). We accept the state's evidence, together with all reasonable inferences therefrom, as true and ignore evidence and inferences to the contrary. *State v. Hager,* 577 S.W.2d 188, 188–9 (Mo.App.1979). Accordingly, we recite the following facts in support of the verdict.

Ruff and his wife, Sharon, rented a second floor apartment from Harold and Edna Whitlock, who lived downstairs in the building's other apartment. Ruff had paid his rent for the month at the time of the assault, but Ruff decided to move before the month was over. Sharon quarrelled with Harold and Edna around 2:30 p. m. on the day of the assault. At that time Sharon told Harold she would bring her husband back "to work him over."

Shortly thereafter, Harold put a new padlock on the door to Ruff's apartment in a dispute over a water bill. When the Ruffs arrived around 6:30 that evening to remove their last furnishings, they discovered the lock. Ruff kicked and pounded on the Whitlocks' door demanding Harold remove the new padlock or he would kill him. Harold then removed the padlock and the Ruffs removed the last of their possessions. When Harold asked for the key to the apartment, Ruff demanded the rent for the remainder of the month, about $12.00.

This argument became heated and moved from threats to violence. Ruff struck Harold with a screwdriver several times. When the two men began to struggle over the screwdriver, Sharon joined in, grabbing Harold from the rear and beating him. At this point, a passing motorist stopped, but failing to stop the struggle by suggestion, went to get the police. About the same time, Edna announced she had called the police. The assailants fled but were soon apprehended.

Harold was bleeding from wounds on his chin and chest. He was treated at the Lincoln County Hospital's Emergency Room, but against doctor's advice refused to be admitted.

Harold was then 62 years old and about five feet four inches tall. He had several recent operations and wore a back brace. The only physical reference to Ruff in the record characterizes him as a young man.

■ A person is guilty of assault with intent to do great bodily harm without malice aforethought under § 559.190, RSMo. 1978, if he assaults another with intent to kill or do great bodily harm. *State v. Rose*, 346 S.W.2d 54, 56 (Mo.1961). As essential element of proof, therefore, is whether the defendant committed the assault with the intent to kill, to do great bodily harm, or to commit a felony. *State v. Campbell*, 551 S.W.2d 940, 942 (Mo.App.1977). Assault with malice can be distinguished from assault without malice by the force or means by which the offenses are committed and the manner and result of the use of such force. *State v. Webb*, 518 S.W.2d 317, 321 (Mo.App.1975). The court must engage in a general weighing together of all the facts and circumstances. These include the comparative strength and positions of the parties, the presences or absence of provocation or mitigating circumstances, the weapon used, and the manner in which the weapon was used. *State v. Lee*, 549 S.W.2d 934, 940 (Mo.App.1977).

■ From the evidence of threats coupled with stabbing blows from a screwdriver, the trial court could find an assault. The same evidence shows intent to kill or do great bodily harm. Weighing all the facts, the trial court could find mitigating circumstances that allowed a finding of no malice aforethought. While the victim was injured, his injuries were not serious. The trial court may have found significant provocation in the argument.

The trial court was confronted with two conflicting versions of the incident. It was for the trial court to judge the credibility of the witnesses and resolve any conflicts in testimony. *State v. Cook*, 557 S.W.2d 484, 485 (Mo.App.1977). Implicit in the finding is the trial court's disbelief of testimony that might have established self-defense or defense of another. That court's decision on the issue of credibility is binding on this court. *State v. Oldham*, 546 S.W.2d 766, 769 (Mo.App.1977).

There is substantial evidence to support the trial court's finding. Judgment affirmed.

REINHARD and SNYDER, JJ., concur.