STATE of Missouri, Respondent,

v.

Burl Delbert GIFFIN, Sr., Appellant.

No. 62775.

Supreme Court of Missouri,
Division No. 2.

Oct. 12, 1982.

Rehearing Denied Nov. 9, 1982.

John E. Price, Daniel P. Wade, Springfield, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

ALDÉN A. STOCKARD, Senior Judge.

Appellant, in a jury-waived trial, was found guilty of second degree murder and sentenced to life imprisonment.

From the evidence the following could reasonably be found. On the afternoon of May 11, 1979, appellant, his wife and daughter, and a friend arrived at Roy and Esther's Tavern in Ava, Missouri. While at the bar, appellant got into a fight with one of the patrons, Boyd Conrad. Appellant called Conrad a "bastard" and a "bull-headed son-of-a-bitch" at which point Conrad hit appellant knocking him to the floor. Appellant got up, and as he went out the door he said: "You've had it. I'll be back."

Approximately one hour later, appellant walked toward the tavern carrying a shotgun. Appellant did something to the gun and then flung open the door to the tavern. Once inside he hesitated momentarily, and then shot and fatally injured Doug Robinson who stood up as appellant came in the door. Appellant turned and ran out the door and called to his wife and daughter to "run." The three of them got into a white Volkswagon and drove away.

Two persons who saw appellant run out of the tavern ran to the police station and told a police officer, who had heard the shot, to stop the man in the white Volkswagon. Appellant drove back onto the Ava square and two officers pursued him. Appellant pulled over and stopped, and was ordered out of the car. One officer read the *Miranda* warning to appellant and he was then placed under arrest.

As his initial point on appeal, appellant contends that for three separate reasons the evidence was insufficient to convict him of second degree murder. He asserts that (1) "the evidence established that [he] was intoxicated at the time of the offense to such an extent that he was unable to form an intent to kill * * * or to premeditate his actions;" (2) the killing was committed in a heat of passion occasioned by his altercation with Boyd Conrad; and (3) the evidence established that the killing was accidental in that appellant intended to shoot into the wall but the deceased walked into the line of fire.

Rule 27.01(b) provides that the findings of the court shall have the force and effect of a jury. Therefore, appellate review is as though a verdict of guilty has been returned by a jury. If there is substantial evidence to support the findings of the trial court, its judgment is to be affirmed. *State v. Ruff*, 618 S.W.2d 722 (Mo. App.1981); *State v. Ore*, 567 S.W.2d 691 (Mo.App.1978). In determining the sufficiency of the evidence in a criminal case after a verdict of guilty, the Court accepts as true all evidence in the record tending to prove the defendant's guilt together with inferences favorable to the State that can be reasonably drawn therefrom, and the court disregards all contrary evidence and inferences. *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980).

Appellant contends he was too intoxicated to form the intent to kill or to premeditate his actions. Voluntary intoxication, § 562.076, RSMo 1978, affects criminal liability where the intoxication is of such a degree that it negatives an essential mental state required for guilt of the particular offense. Appellant's mental state can be determined from his testimony, from his conduct before the act, from the act itself, and from his subsequent conduct. *State v. Runyon*, 619 S.W.2d 955 (Mo.App. 1981). Appellant testified he could not recall the shooting but this "is not conclusive that in his numbed condition he did not form an intent to kill." *State v. Gullett*, 606 S.W.2d 796 (Mo.App.1980). However, numerous state witnesses testified that ap-

pellant did not appear to be intoxicated. They based their opinion on their observation of his driving, his speech and his physical movements. There was testimony that he appeared to be drunk, but conflicts in evidence and the determination of the credibility and the weight to be given to testimony are within the province of the trier of fact, in this case an experienced trial judge, and are not cognizable on appeal. *State v. Hager,* 577 S.W.2d 188 (Mo.App.1979).

■ This same reasoning is dispositive of appellant's contentions that the shooting was done in a heat of passion occasioned by a provocation and that the shooting was accidental. In criminal cases this Court does not weigh the evidence on appellate review. *State v. Ore,* 567 S.W.2d 691 (Mo. App.1978). We note that while appellant contends he was too intoxicated to form an intent to kill, he inconsistently contends that he did form an intent to shoot into the wall. The facts and circumstances clearly authorize a finding, which the finder of fact did make, that the shooting was not done in a heat of passion so as not to be done with the required intent, and that the shooting of the victim was not the result of an accident.

In his second point, appellant contends that the court erred in admitting into evidence the shotgun, shotgun shells, and incriminating statements made by him to the police. The main thrust of his argument is that the uncorroborated statements of informants of unknown reliability who lacked personal knowledge did not provide the police with probable cause to arrest appellant and search his automobile.

■ Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is being arrested. *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980); *State v. Reynolds,* 619 S.W.2d 741 (Mo. 1981). Three witnesses saw appellant enter the tavern carrying a shotgun. A shot was

then heard and appellant ran out of the tavern yelling to his wife and daughter to "run." One witness ran to the tavern and asked if the police had been summoned and was asked to get them. The other witness ascertained what car appellant got into then ran to tell the police. At the police station both witnesses indicated the police should stop the man in the white car. Both police officers had heard the shot as they stood out on the steps of the police station. The police pursued appellant in the white car. Once he pulled over, he was ordered out of the car and a shotgun was removed from the back seat and two shotgun shells were found in his pocket.

■ The test is whether the arresting officer had "reasonable ground to suspect that the person arrested has committed a felony." *State v. Gant,* 490 S.W.2d 46 (Mo. 1973); *State v. Caffey,* 436 S.W.2d 1 (Mo. 1969). In *State v. Williams,* 589 S.W.2d 116 (Mo.App.1979), the court upheld a warrantless arrest for stealing coats based upon information provided by a store customer who saw the defendant and a companion enter the store and then run out, each carrying an armload of coats. In that case the court held a citizen's report of a crime may reasonably be deemed reliable by arresting officers. Probable cause to arrest does not require absolute certainty. *State v. Perry,* 499 S.W.2d 473 (Mo.1973). Additionally, there is no requirement that the informant be one of previous reliability. The true inquiry is whether the informant's information is reliable and whether the information is corroborated through other sources even though hearsay. *State v. Tippett,* 558 S.W.2d 288 (Mo.App.1977), *cert. denied, Tippett v. Missouri,* 435 U.S. 946, 98 S.Ct. 1530, 55 L.Ed.2d 544 (1978). In the instant case, two witnesses came to the police station relating the same facts, and the officers had heard the shot themselves. There was probable cause to believe a felony had been committed and, based upon the information from the witnesses, it was reasonable to believe that appellant had committed the felony.

A warrantless search is generally considered unreasonable under the Fourth and Fourteenth Amendments unless it is within one of the exceptions to the warrant requirement. One exception is the seizure of evidence in plain view. *State v. Tippett,* 588 S.W.2d 742 (Mo.App.1979). When the appellant was ordered out of the car, the shotgun was in "plain view" of the arresting officers behind the car seat. Therefore, the shotgun was properly seized under the plain view doctrine. Additionally, if the arrest is valid, a warrantless search may be conducted of the defendant's person and the area within his immediate control. *State v. Perry,* 499 S.W.2d 473 (Mo.1973); *State v. Drake,* 512 S.W.2d 166 (Mo.App.1974). The trial court properly admitted the shotgun, and the shotgun shells.

Appellant does not set forth in his brief the statements he contends were improperly admitted into evidence. But, his objection is limited to the contention that "because of the invalidity of the arrest and search incident thereto, * * * the verbal statements of appellant to the police during interrogation constitute illegal evidence." We have determined that the arrest and the search was authorized. There is no merit to appellant's second point.

By his third point appellant alleges error in the admission of certain photographs of the deceased in that they were redundant and highly prejudicial. The photographs in question were color photos of the victim's body depicting the wound.

If a photograph tends to prove any of the elements of the charged offense that are in issue it is admissible in evidence, *State v. Cason,* 596 S.W.2d 436 (Mo.1980), *cert. denied, Cason v. Missouri,* 449 U.S. 982, 101 S.Ct. 397, 66 L.Ed.2d 243 (1981), including issues of identity, condition and location of the body, nature or location of wounds and the cause of death. *State v. Newberry,* 605 S.W.2d 117 (Mo.1980). A photo is not made inadmissible because oral testimony may have described what is shown in the photo, and it is not inadmissible because by accurately portraying a wound it tends to become inflammatory. The trial court did not err by admitting the photos into evidence.

As his final point appellant asserts it was error to permit cross-examination concerning prior convictions of appellant that were too remote in time to have any probative value as to his truth or veracity. Section 491.050, RSMo Cum. Supp. 1981 provides that any person convicted of an offense is competent to testify, but the conviction may be proved to affect his credibility. Section 546.260, RSMo. 1978, extends this provision to impeachment of the defendant. This Court has interpreted these statutes as conferring an absolute right to show prior convictions and the nature thereof for the purpose of impeachment. *State v. Busby,* 486 S.W.2d 501 (Mo.1972); *State v. Rice,* 603 S.W.2d 83 (Mo.App.1980). Appellant's final point is without merit.

Judgment affirmed.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.