**Phillip STREIB d/b/a Shrewsbury Drug Company, Appellant,**

v.

**Ernest L. SJOBLOM, R.PH., Director of Bureau of Narcotics and Dangerous Drugs,**

**and**

**Robert Hotchkiss, A Director of Missouri Division of Health, Respondents.**

No. 47972.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Joseph Pascal Sommer, St. Louis, for appellant.

Robert R. Northcutt, Jefferson City, for respondents.

### ORDER

PER CURIAM.

Appellant, a pharmacist, appeals from the judgment of the trial court affirming the decision of the Administrative Hearing Commission which affirmed the decision of the Bureau of Narcotics and Dangerous Drugs denying renewal of appellant's controlled substance registration. No jurisprudential purpose would be served by an opinion. Judgment is affirmed. Rule 84.16(b).

All concur.

**STATE of Missouri, Respondent,**

v.

**Michael J. ADKINS, Appellant.**

No. 13385.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 28, 1984.

Motion for Rehearing or Transfer to Supreme Court Denied Sept. 19, 1984.

Application to Transfer Denied
Nov. 20, 1984.

**880**

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant ("Adkins"), waiving trial by jury, was found guilty by the court of "failure to appear," a felony. § 544.665.-1(1), RSMo 1978. He received a sentence of five years' imprisonment, to run concurrently with two sentences he was already serving. His sole point on appeal is that the conviction lacks evidentiary support, in that the judge before whom he was scheduled to appear was not at the courthouse on the appointed day.

Accepting as true all evidence tending to prove Adkins' guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and disregarding all contrary evidence and inferences, *State v. Giffin*, 640 S.W.2d 128, 130[2] (Mo.1982), the following facts are established.

Adkins was scheduled to appear before Circuit Judge A.J. Seier in the Circuit Court of Cole County on July 8, 1981, for sentencing on burglary in the second degree and possession of burglar's tools. Seier, a judge of Judicial Circuit 32 (Cape Girardeau County and Bollinger County), had been assigned to Cole County (Circuit 19) for Adkins' case by the Supreme Court of Missouri, Mo. Const. art. V, § 6, because the regular judge in Cole County had disqualified himself.

Adkins, who was free on bond, was informed of the appearance date several days in advance by the attorney who was then representing him.[1]

On Monday, July 6, 1981, two days before Adkins was to be sentenced, Seier, by telephone, ordered a capias warrant issued for Adkins' arrest. Seier's explanation: "I had several telephone conversations indicating that the defendant was not going to appear; that the defendant had not been seen in Cole County and that the authori-

---

1. That attorney does not represent Adkins on this appeal.

ties there, plus his attorney, plus I believe his father or a bondsman all requested that I issue a warrant for the defendant's arrest because he was on his way to the country of Mexico." Seier added that he telephoned Dallas, Texas, to confirm that the warrant had been issued so that the authorities there could apprehend Adkins.

The plan, according to Seier, was that if Adkins did appear at the courthouse in Cole County on July 8, 1981, the sheriff was to hold Adkins there pursuant to the warrant, and Seier was to be notified by telephone. Seier would then immediately embark for Jefferson City by airplane, a two-hour flight from Cape Girardeau, Seier's domicile.

On the morning of July 8, 1981, Adkins' attorney went to the Cole County Courthouse. An assistant prosecuting attorney was there, as was the circuit clerk, Linda Lee Roark. Seier, who was in either Cape Girardeau County or Bollinger County, telephoned Ms. Roark, asking that she go into the hall and call Adkins' name three times, together with the names of the sureties on his bond.

Ms. Roark complied, walking the length of the hall and looking in the courtroom. No one was present. She returned to the phone and advised Seier. Seier dictated a docket entry reciting Adkins' failure to appear and ordering forfeiture of Adkins' bond.

Ms. Roark, who knew Adkins and would have recognized him had he appeared, testified that she did not see him in the courthouse any time on July 8, 1981. Seier, who "had an airplane standing by," remained in his circuit throughout the day.

Adkins was eventually sentenced February 23, 1983, on the burglary and burglar's tools charges. The record does not disclose his whereabouts during the 19-month hiatus.

Section 544.665.1 provides, in pertinent part:

"[A]ny person who, having been released ... upon a ... bond ..., willfully fails to appear before any court or judicial officer as required shall be guilty of an offense ...."

The issue before us, as framed by Adkins, is whether one can be convicted of violating that section "when the trial judge does not himself appear at the appointed time and place." Adkins and the State confess inability to find a case addressing this issue, and our research has proved similarly fruitless.

Adkins' theory, as we understand it, is that the statute can be violated only if the court is in session at the appointed time and place, "and in a position to exercise its judicial powers." Asserting that Seier could not legally conduct proceedings in Adkins' case via telephone from Cape Girardeau, and that a court is not in session until the judge arrives at the courthouse and calls the proceedings to order, Adkins maintains his absence on July 8, 1981, did not offend the statute. Adkins theorizes "that the evil which the statute is designed to address is the failure to participate in an official proceeding properly initiated."

The court below,[2] with no precedent to guide it, reasoned that on the morning of July 8, 1981, proceedings were going forward in the Circuit Court of Cole County in Adkins' case under Seier's direction, in that the circuit clerk, an officer of the court, at Seier's behest, searched the courtroom and adjacent area for Adkins and vocally summoned him and his sureties to court. When it became evident that Adkins was not present, Seier proceeded further by declaring a forfeiture of Adkins' bond, Rule 33.14, Missouri Rules of Criminal Procedure (12th ed. 1981), and instructing the circuit clerk to record the forfeiture on the docket sheet. § 483.075.1, RSMo 1978.

This being done, Seier could do nothing more. Even had he been on the bench at the Cole County Courthouse, he could not

2. This cause was tried in Laclede County on change of venue from Cole County.

have sentenced Adkins for the two felonies in *Adkins'* absence. § 546.550, RSMo 1978.

Obviously mindful of this, and unwilling to devote a day of judicial time to a needless trip to Jefferson City, Seier decided, sensibly we think, not to go there after hearing the rumor that Adkins was not going to appear. Instead, Seier made arrangements to fly to Jefferson City for the sentencing in the event Adkins unexpectedly showed up, and took steps to find out, on the morning of the sentencing date, whether Adkins had done so. Informed by the circuit clerk that Adkins was indeed missing, Seier remained where he was.

While we commend Adkins for the ingenuity of his argument, we find it unconvincing. It would be illogical, we think, to hold that a defendant who willfully fails to appear in court at the time required is guilty of a violation of § 544.665.1 only if the judge is then on the bench. Had Seier been in chambers at the Cole County Courthouse on the morning of July 8, 1981, could it be persuasively argued that Adkins' guilt or innocence of failure to appear should hinge on whether Seier ascended the bench and called court to order? We think not. Such reasoning would put form above substance, and run counter to common experience. Busy judges routinely have court personnel check on the presence of litigants, attorneys and witnesses, remaining at their desks until all parties are in place for court proceedings.

The simple and unvarnished facts are that (1) Adkins was required to be in the Circuit Court of Cole County for sentencing on July 8, 1981, (2) he knew he was supposed to be there, and (3) he failed to appear. Nothing in the statute makes Adkins' guilt or innocence of failure to appear contingent upon the fortuity of Seier's whereabouts at the designated hour.

Unquestionably, it was the information that Adkins intended to abscond—which proved true—that accounted for Seier's absence from the bench at the Cole County Courthouse on July 8, 1981. Having by his own conduct induced that circumstance, Adkins should *not now be heard to assert it* in his defense.

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.