Andrew J. SALES, Jr., Plaintiff,

v.

Bill SMITH, Defendant.

No. S91–0029C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Dec. 4, 1991.

Andrew J. Sales, Jr., pro se.

Gerald L. Meyr, Stephen E. Walsh, Summers, Walsh, Pritchett & Blaich, Poplar Bluff, Mo., for defendant.

MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff filed a pro se § 1983 complaint alleging that defendant Smith, a police officer with the City of Sikeston Police Department, violated his civil rights by swearing out a felony complaint against plaintiff. Plaintiff claims that defendant did not have sufficient probable cause to sign a felony complaint alleging that plaintiff had committed the crimes of burglary and stealing. The parties have filed cross-motions for summary judgment on the issue of qualified immunity.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

■■■ Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d

202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■■■ In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

Defendant Smith, on behalf of the Sikeston Police Department, conducted the investigation of a burglary at the Murray Lane Animal Hospital in Sikeston. The burglary occurred on April 30, 1990. Missing from the animal hospital was an Epson computer, an Epson printer, an Epson color monitor, an IBM Wheelwriter typewriter, a Ricoh copier, and computer software. On May 4, 1990 a used car dealer in Sikeston, Dale White, Jr., read an account of the burglary and reported to the Sikeston police that he believed that he had just purchased the stolen computer equipment. Mr. White informed the police that he had been approached, on his car lot, by two black males. One of these men identified himself to Mr. White as Andrew Sales. The man who called himself Andrew Sales told Mr. White that his father had recently closed his construction business and had given him some unwanted computer equipment to sell. Mr. White agreed to buy the equipment for $1200.00 to be paid in two installments. Mr. White then wrote out a check for $600.00 to Andrew Sales. Andrew Sales presented a drivers' license with his picture and the name Andrew Sales as proof of identification.

The equipment was then positively identified as the computer equipment stolen from the Murray Lane Animal Hospital. The check written to Andrew Sales was retrieved from the Bank of Sikeston. It had been made out to Andrew Sales by

Dale White, Jr. and was endorsed by Andrew Sales. Mr. White positively identified the plaintiff, from a photograph line-up, as the man who sold him the computer equipment and called himself Andrew Sales.

On May 10, 1990 defendant Smith swore out a felony complaint against plaintiff. Subsequently, on May 10, 1990, a warrant for the arrest of plaintiff was issued by the Associate Circuit Court for the County of New Madrid, Missouri. On July 9, 1990 the Prosecuting Attorney for New Madrid County filed Information charging plaintiff with the crimes of burglary and stealing. On December 3, 1990 the charge of stealing was dismissed by the Circuit Court for the County of New Madrid, Missouri on the basis of double jeopardy. On January 14, 1991 the Prosecuting Attorney dismissed the charge of burglary without explanation.

■ Public officials, such as governors, school board members, parole board members, and police officers, who exercise some discretionary functions while carrying out their executive duties generally have available to them qualified or good faith immunity from § 1983 actions. These persons are immune from suit on the basis of good faith immunity unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Supreme Court examined the scope of the *Harlow* "clearly established" standard. Whether a public official protected by qualified immunity may be held personally liable for the alleged unlawful action will depend on the "objective legal reasonableness" of the action, which must be assessed in light of the laws or "legal rules" that were "clearly established" at the time the action occurred. *Anderson*, 483 U.S. at 639–40, 107 S.Ct. at 3038–39. The Court specifically held that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right". *Id.*, at 639–40, 107 S.Ct. at 3038–39.

■ When a police officer's request for a warrant allegedly caused an unconstitutional arrest, the objective reasonableness standard of *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) will define the police officer's qualified immunity. However, the immunity will be lost "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable...". *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). The pivotal question is "whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id.*, at 345, 106 S.Ct. at 1098.

It follows then in the case before this Court, that the issue to be addressed is whether defendant Smith, a reasonably competent police officer, could have reasonably believed that probable cause existed to file a felony complaint out against plaintiff for burglary and stealing, at the time that defendant Smith filed his complaint. This Court finds that defendant Smith's actions were objectively reasonable, that sufficient evidence existed to establish probable cause for the filing of a felony complaint against plaintiff for burglary and stealing, and that defendant Smith is entitled to the protection of qualified immunity from this § 1983 lawsuit.

■ In Missouri, the courts have defined probable cause as "knowledge of facts and circumstances sufficient for a prudent person to believe the suspect is committing or has committed an offense." *State v. Kroll*, 682 S.W.2d 78, 82 (Mo.App.1984), *State v. Giffin*, 640 S.W.2d 128, 131 (Mo. 1982). Probable cause to arrest does not require absolute certainty that the suspect did indeed commit the crime. *Giffin*, at 131 citing *State v. Perry*, 499 S.W.2d 473 (Mo.1973). Furthermore, Rule 22.03 VAMR requires an independent finding of the issuing court that the felony complaint has sufficient facts to show probable cause that a felony has been committed by the

suspect. *State v. Adams,* 791 S.W.2d 873, 877 (Mo.App.1990).

The Court finds that the facts in this case do establish sufficient probable cause to file a felony complaint against the plaintiff. Although there are no Missouri cases which specifically deal with the issue of whether unexplained possession of stolen property and attempting to sell same constitutes probable cause to file a complaint against the possesser/seller of stolen property for burglary and stealing, there is case law which holds that such circumstances are sufficient to establish a submissible case of burglary and stealing to a jury. *State v. Pickett,* 642 S.W.2d 703, 705 (Mo.App.1982); *State v. McClinton,* 566 S.W.2d 506, 508 (Mo.App.1978). If unexplained possession of stolen property and attempting to sell same meets the standards of trial evidence, then such facts certainly meet the standards required to swearing out a felony complaint in the first place.

In the present situation Officer Smith clearly possessed sufficient reliable information to establish probable cause to believe that plaintiff had committed the crimes of burglary and stealing. Plaintiff appeared at a car lot, in Sikeston, Missouri, offering to sell computer equipment to Dale White, Jr. Plaintiff consummated the sale of the computer equipment to Mr. White and received a check in the amount of $600.00 as partial payment. The computer equipment sold by plaintiff was positively identified as the equipment stolen a few days earlier from the Murray Lane Animal Hospital in Sikeston, Missouri. Mr. White positively identified the plaintiff as the Andrew Sales who sold him the equipment and produced a drivers' license bearing plaintiff's photograph and the name of Andrew Sales. The check written by Mr. White was made out to Andrew Sales and was endorsed by Andrew Sales.

Plaintiff has not refuted any of the facts presented by defendant as to the circumstances surrounding his arrest. Plaintiff has not presented any caselaw which would indicate that the facts as presented would not constitute probable cause for the swearing out of a felony complaint against him. Plaintiff has not presented any caselaw which shows that the subsequent dismissal of charges (for reasons other than lack of probable cause) establishes per se the lack of probable cause to swear out a felony complaint. Finally, plaintiff has failed to demonstrate in any way that defendant does not meet the requirements for the protection of qualified immunity.

The Court will deny the plaintiff's motion for summary judgment and grant the defendant's motion for summary judgment.