**STATE of Missouri, Respondent,**

v.

**Danny Eugene HUFF, Appellant.**

**No. 17660.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 18, 1992.

Motion for Rehearing and Transfer to Supreme Court Denied March 6, 1992.

Thad Burrows, Asst. Public Defender, Springfield, for appellant.

No appearance for respondent.

CROW, Judge.

Appellant, tried by the court without a jury, was convicted of the class B misdemeanor of property damage in the second degree. § 569.120, RSMo 1986. He appeals, maintaining the evidence was insufficient to prove guilt in that "there was uncontroverted evidence that [Appellant] was having an epileptic seizure and so was not responsible for his actions when the offense occurred."

Where a criminal case is tried by the court, its findings have the force and effect

of a jury verdict. Rule 27.01(b), Missouri Rules of Criminal Procedure (1991); *State v. Giffin*, 640 S.W.2d 128, 130[1] (Mo.1982). Therefore, we review the instant case as if a jury had returned a verdict of guilty. *Giffin*, 640 S.W.2d at 130[1]. In determining whether the evidence is sufficient to support the finding of guilty, we accept as true all evidence and inferences supporting such finding and disregard contrary evidence and inferences. *State v. Evans*, 802 S.W.2d 507, 514[12] (Mo. banc 1991). We determine whether the evidence, so viewed, was sufficient to make a submissible case, *id.*, from which the trial court could reasonably have found Appellant guilty. *State v. Turner*, 623 S.W.2d 4, 6[2] (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982).

So viewed, the evidence establishes that about 2:00 a.m., November 3, 1990, Thomas Dempsey was driving his pickup in Springfield. He stopped to allow a pedestrian— Appellant—to cross the street. According to Dempsey, Appellant appeared "intoxicated or disoriented."

Appellant ran to the pickup and "slammed his hands on the hood," chipping paint and causing dents. Appellant then "went for the door handle." Dempsey heard the "click, click" of the handle, indicating Appellant was attempting to open the door. It was locked. Dempsey drove a short distance away, then stopped. He saw Appellant walk from the scene and disappear.

Appellant testified he receives a "disability check" because of epilepsy. He takes medication, but it does not prevent seizures. When he has a light one, he kneels on one knee. When he has a hard seizure, he grabs for things. Appellant disavowed any memory of an encounter with a pickup November 3, 1990.

Section 569.120, RSMo 1986, reads:

1. A person commits the crime of property damage in the second degree if:

   (1) He knowingly damages property of another; ....

Appellant reminds us a person acts knowingly with respect to his conduct when he is aware of the nature of such conduct. § 562.016.3(1), RSMo 1986. Appellant asserts the evidence is insufficient to prove he acted knowingly in attacking Dempsey's pickup. Appellant emphasizes that Dempsey, on cross-examination, conceded there was a "wobble" in Appellant's stride as he walked away and Appellant knelt on one knee before arising and disappearing from view. According to Appellant, Dempsey's narrative of Appellant's actions was consistent with Appellant's description of himself when having seizures.

■ Even if the trial court was convinced Appellant is an epileptic, the trial court was not obliged to believe Appellant was having a seizure at the time he attacked Dempsey's pickup. Dempsey testified he noticed no "shaking or any tremulous behavior" by appellant. Appellant admitted he had been known to drink alcohol, but denied doing so on the occasion in question. The trial court could have believed Appellant's apparent intoxication or disorientation (as described by Dempsey) was attributable to ingestion of alcohol.

Furthermore, according to Dempsey, Appellant ran to the pickup and, after slamming the hood "a time or two," moved to the door and manipulated the handle. The trial court could have reasonably concluded a person having an epileptic seizure would be unable to do all those things.

■ The trial court was not required to believe Appellant's testimony that he recalled nothing about the incident. Credibility of the witnesses and the weight to be given their testimony was within the province of the trial court. *Giffin*, 640 S.W.2d at 130–31[5]. The trial court was free to disbelieve Appellant's testimony, even where uncontradicted. *State v. Casey*, 683 S.W.2d 282, 286[9] (Mo.App.1984).

In sum, just because Appellant's conduct November 3, 1990, resembled in some respects his self-described behavior during an epileptic seizure, such conduct does not establish Appellant was having a seizure when he damaged Dempsey's pickup. That was an issue for the trial court's determination. The trial court resolved it against Appellant.

We do not weigh the evidence; we decide only whether there was sufficient evidence from which the trial court could reasonably have found Appellant guilty. *State v. Hood,* 680 S.W.2d 420, 423[3] (Mo. App.1984). The incriminatory evidence here was more than sufficient for that purpose.

Judgment affirmed.

PREWITT, P.J., and PARRISH, J., concur.