STATE of Missouri,
Plaintiff–Respondent,

v.

George BEARDEN,
Defendant–Appellant.

No. 52318.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1988.

Application to Transfer Denied
May 17, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, George Bearden, was charged, tried by jury and convicted of possession of pentazocine, commonly known as Talwin, a Schedule IV controlled substance. Bearden received a sentence of six years as a prior offender.

The sufficiency of the evidence is not in dispute. On December 3, 1984 Detectives Heitzler and Hanrahan of the St. Louis County Police Department began a surveillance of defendant's residence. The initiation of the surveillance apparently was in response to several anonymous telephone calls to the police concerning Bearden's drug-related activities. We learn this from the state's closing argument, not from the evidence. Approximately fifteen minutes into the surveillance defendant and his wife departed their residence, entered a four-door green Oldsmobile and drove away. The police followed in an unmarked car. The officers ran a check on the license plate and learned that the car was registered to George Bearden, the defendant. Bearden drove to a small confectionary in Lovejoy, Illinois. He entered the store. Ten or fifteen minutes later he exited the store carrying a brown paper bag. Bearden reentered his car and drove back to St. Louis.

Detectives Heitzler and Hanrahan continued their surveillance and, joined by several other officers, followed the Beardens who entered the River Roads Shopping Center parking lot. After defendant parked his car, but before he exited, Detectives Heitzler and Penn approached the car with weapons drawn. Detective Penn asked Bearden if he had been in Illinois to which defendant replied he had just come from home. Upon further questioning, Bearden denied possessing either weapons or contraband and gave the officers permission to search his vehicle.

While searching the car, another policeman, Officer Scalize, discovered a paper bag located in a zippered compartment behind the passenger's seat of Bearden's car. Detective Heitzler witnessed the discovery. Inside the bag were 1500 blue and yellow pills, later tested and determined to be Talwin, a Schedule IV controlled substance, having a street value of approximately $10,000.

At trial only one police officer, Detective Heitzler, testified to the facts for the state. Gerald Orlando, a department chemist, identified the drug seized from Bearden. The defendant did not testify. The jury found Bearden guilty of possessing pentazocine (Talwin). The court sentenced defendant as a prior offender to a term of six years in prison. Bearden appeals.

Defendant raises three issues in two points. First he alleges the trial court erred in not prohibiting the prosecutor from: (1) informing the jury that the police received anonymous phone calls stating that Bearden was going to pick up drugs the night of his arrest, and (2) advising the jury that seven other participating officers, if called, would have testified the same as Heitzler. Defendant argues further, that in ruling on defense objections to closing argument, the court impermissibly interjected itself into the case when the court found the uncalled officers equally available and commented on what their testimony would have added to the evidence.

■ The law in Missouri is clear that the trial court has considerable discretion in controlling closing arguments. *State v. Hobby*, 706 S.W.2d 232, 234 (Mo.App.1986). A conviction will be reversed for improper argument only if it is established the challenged comments had a decisive effect on the jury's determination. *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). To determine whether the challenged remarks were error, we review the pertinent portion of the record:

PROSECUTOR: MAYBE I'M CONFUSED, BUT THE OFFICERS HAD THE TELEPHONE CALLS ON DECEMBER 3RD AND THAT THE CALLER WOULD CALL BACK LATER ON DECEMBER 3RD—

DEFENSE: THAT IS NOT THE TESTIMONY.

THE COURT: OVERRULED. THE JURY WILL REMEMBER THE TESTIMONY.

PROSECUTOR: THE CALLS WERE FROM A CONFIDENTIAL INFORMANT, AND THE STORY WAS THAT BEARDEN WAS GOING TO PICK UP DRUGS. MR. KIRKSEY MENTIONED THE FACT THAT I ONLY CALLED ONE WITNESS IN THIS CASE. HOW MANY WITNESSES DO I NEED TO CALL *WHEN I EXPECT THEY WILL ALL SA[Y] THE SAME THING?* ALL THE PERSONS WHO WERE WIT-

NESSES TO THIS WOULD HAVE TESTIFIED TO THE SAME THING.

DEFENSE: I OBJECT AGAIN. THERE COULD HAVE BEEN SEVERAL STORIES. THIS IS POLICE WORK, THEY WERE ENDORSED.

THE COURT: OVERRULED. IF YOU WANTED TO,—THEY WERE EQUALLY AVAILABLE TO YOU. *THE WITNESSES WOULD HAVE TESTIFIED FAVORABLY FOR THE STATE.* DETECTIVE HEITZLER WAS ONE OF SIX OR SEVEN OFFICERS WHO WERE PRESENT AND *THEIR TESTIMONY WOULD HAVE BEEN FAVORABLE FOR THE STATE.* (our emphasis).

The state argues that due to lack of specificity, defendant's objection failed to preserve any issue for review. State's brief also notes that only one of the three appeal issues—that of the court's statements regarding equal availability—was mentioned in the motion for new trial.

■ Our review of the trial record indicates that absolutely no evidence of informant telephone calls was before the jury. Thus, defense objection, "[t]hat is not the testimony" to prosecutor's closing argument about informant calls, should have been sustained, if understood to be an objection that the prosecutor was arguing facts not in evidence. The legal objection was that the prosecutor was arguing facts not in evidence. This was factually correct. Counsel may not argue matters outside the scope of the pleadings and the evidence in closing. *State v. Darnell*, 639 S.W.2d 869, 873 (Mo.App.1982). Failure to sustain an objection to argument outside the evidence is prejudicial error. *State v. Chunn*, 657 S.W.2d 292, 295 (Mo.App. 1983). Even if the two objections are considered together as limited to an "equal availability" objection, the subsequent statement by the court requires a remand.

When the court overruled the first defense objection, the prosecutor stated that all uncalled police officers would have corroborated Detective Heitzler's testimony. Defense counsel objected again. The court took this second objection as an opportuni-

ty to make a comment, not on the recorded evidence, but on "evidence" not in the record. The court did much more than rule that the uncalled witnesses were equally available. The court offered statements without any factual basis on what the uncalled witnesses would have said, if called. The gratuitous statements of the court have the effect of a judicial pronouncement that six or seven other witnesses would have testified to inculpatory facts from which the jury could find Detective Heitzler credible and Bearden guilty.

Defense counsel raised no objection at the time of the court's comments, nor was the issue raised in the Motion for New Trial. We, therefore, review the point under Rule 30.20. To be entitled to plain error review, a defendant must make a strong, clear showing that the error affected substantial trial rights and amounted to manifest injustice. *State v. Thomas,* 710 S.W.2d 937, 939–940 (Mo.App.1986). On appeal the state argues instruction 2.01 MAI–CR 2d removed any prejudice. This standard instruction admonishes the jury not to use any "statement, ruling, or remark" of the trial court as an indication of its opinion of the facts. This argument fails because the court did more than state an opinion. The court added substantive facts which supported the state's case. The comments directly implicate defendant's right to a fair trial, thus constituting plain error.

The court preempted the jury's function to determine the facts and the credibility of witnesses. The immediate question is how could the trial court know what the six or seven uncalled policemen would say under oath on either direct or cross-examination? The comments also denied defendant the opportunity to confront these "phantom" witnesses, which the comments of the court provided for the state. Other problems arise. The comments furnished evidence without affording defendant the opportunity to interpose any evidentiary objections. It is not possible to review the testimony of witnesses who did not testify.

The law prohibits the trial court from commenting on the evidence. It must re-main impartial. *State v. Embry,* 530 S.W. 2d 401, 403 (Mo.App.1975). Here the court's comments were not excusable as a matter of controlling argument of counsel as contended by the state. Rather, the comments actually supplied "evidence" from testimony not before the jury. The statements clearly imply Detective Heitzler told the truth because six or seven other officers would have testified in like manner.

The court's comments on the evidence added substantive testimony in support of the state's case and supported the credibility of the state's witnesses. Such comments are inherently prejudicial plain error. Because these were extraneous comments of the court, an immediate objection would have had no effect.

Judgment reversed and the case remanded for a new trial.

SMITH and KELLY, JJ., concur.