**STATE of Missouri, Respondent,**

v.

**Phillip MORGAN, Appellant.**

**Phillip MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 16991, 17690.

Missouri Court of Appeals,
Southern District,
Division One.

May 14, 1992.

**42**

William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Phillip Morgan (hereafter referred to as "defendant") was charged with and found guilty of assault in the first degree. § 565.050.1.[1] The offense was a class A felony in that it was alleged and proven that defendant inflicted serious physical injury on the victim. § 565.050.2. Defendant was charged and convicted as a prior offender and a dangerous offender. §§ 558.016.2 and .4. Following sentencing defendant filed a Rule 29.15 motion. That motion was denied without an evidentiary hearing. Defendant appeals from the judgment of conviction in the criminal case and from the order dismissing the Rule 29.15 motion. The appeals were consolidated as required by Rule 29.15(*l*). This court affirms the judgment of conviction (Case No. 16991) and the order dismissing the Rule 29.15 motion (Case No. 17690).

 Defendant waived a jury trial in his criminal case. The case was, therefore, tried by the court without a jury. The trial court's findings have the force and effect of a jury verdict. Rule 27.01(b). Its judgment will be affirmed if there is substantial evidence to support its findings. *State v. Giffin*, 640 S.W.2d 128, 130 (Mo.1982). This court accepts as true all the evidence tending to prove defendant's guilt and all inferences from the evidence that are fa-

1. References to statutes are to RSMo 1986.

vorable to the state. *Id.* Contrary evidence and inferences are disregarded. *Id.* The action taken by the motion court on the Rule 29.15 motion will be affirmed unless the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(*l*). The record on appeal, considered within these parameters, discloses the following facts with respect to the criminal case.

During the early morning of November 11, 1989, defendant, accompanied by Karen Samuels and Willie James Harris, was at the Starlite Club at Caruthersville, Missouri. The three of them had been there earlier that evening. They returned in order for Harris to get change. Defendant and Harris went into the Starlite Club. Ms. Samuels remained in the vehicle in which the three were traveling—defendant's car. Danny Johnson appeared, opened a door to the car, and told Ms. Samuels to get out. She refused and the two argued.

Defendant and Harris returned to the car while Ms. Samuels and Johnson were arguing. Defendant told Johnson to get away from his car and closed the car door that Johnson had open. Harris and defendant got into the car, Harris in the back seat on the driver's side and defendant in the driver's seat. Ms. Samuels was also in the back seat. Defendant began to back the car from the Starlite Club parking lot onto an adjacent street and prepared to drive away. Johnson jumped in front of the car. Defendant stopped the car. Johnson went to the passenger side of the car and threatened to throw a beer bottle at it. Johnson had the bottle in his left hand. He was yelling at Ms. Samuels, calling her names and threatening her.

Defendant got out of the car. He argued with Johnson. Johnson raised the hand in which he had the beer bottle. Defendant hit Johnson. Johnson fell to the ground. Defendant kicked Johnson in the head several times and then stomped on Johnson's head several times. Johnson did not move after he fell to the ground and was kicked by defendant. Johnson was pulled to the side of the street and later was taken to a hospital emergency room.

Johnson was unresponsive at the hospital emergency room. He was treated by Dr. Ray Edward Denton. Dr. Denton testified that the symptoms he observed indicated that Johnson had sustained a brain injury. Dr. Denton observed abrasions on both sides of Johnson's head "in the area of the ear." Dr. Denton testified that the injuries created a substantial risk of death.

Another witness, Dr. Sanan Saengsamran, testified that at the time of trial Johnson was an in-patient at the skilled unit of Pemiscot Memorial Health Systems; that the diagnosis at the time Johnson was admitted to that facility was "[p]ersistent vegetative state." Dr. Saengsamran explained that the diagnosis meant that Johnson knew nothing, could not do anything by himself, needed help all the time—that Johnson was in a coma. The prognosis for Johnson was poor. Johnson could not talk. He could not sit up or walk. It was unknown whether Johnson could see since he could not say anything.

Defendant presents two points on appeal, one directed to the appeal of the criminal case and one directed to the appeal of the denial of the Rule 29.15 motion. The point on appeal that is directed to the criminal case alleges that the trial court erred in overruling the part of defendant's motion for new trial that alleged there had been insufficient evidence upon which to sustain the judgment of conviction. Defendant contends that the evidence was insufficient "in that [the state] failed to demonstrate that Mr. Johnson's injuries were the product of the excessive force of kicking Mr. Johnson while he was on the ground rather than the reasonable force initially applied to repel Mr. Johnson's attack which culminated in him falling to the ground motionless."

Defendant's first point is based upon statements the trial judge made when he announced that he found defendant guilty of assault in the first degree. The trial judge stated:

> The Court finds that although there has been an argument by the Defendant of some type of self-defense, that the, that the actions and injuries inflicted by the,

by the Defendant in this case, Phillip Morgan, were, were far in excess of, of any type of, type of justifiable response he could make to the situation. So, based upon that finding the Court finds the Defendant, Phillip Morgan, guilty beyond a reasonable doubt of the Class A Felony of Assault in the First Degree, as charged by the State in this case.

Defendant argues there was testimony that Johnson was motionless when he fell to the ground. Defendant contends that this indicated that "the injury he sustained may have been the result of the initial appropriate force rather than the later excessive force of kicking him while he lay on the ground."

The evidence disclosed that only one person, defendant, struck any blows. Before defendant struck Johnson, there were only threats and verbal arguments. The threats were directed to Ms. Samuels. Immediately upon Johnson falling to the ground after he was struck by defendant, defendant began kicking, then stomping Johnson's head. The kicking and stomping continued for a significant time.

■ The requirements for showing self-defense were recited in *State v. Delgado*, 774 S.W.2d 549, 552 (Mo.App.1989):

> The elements of self-defense require a showing that the accused (1) did not provoke the attack nor was he the aggressor, (2) reasonably believed that he was faced with the necessity of defending himself from bodily harm, (3) used no more force than was necessary, and (4) attempted to avoid the confrontation.

Even if it could be said that defendant were attacked, which is questionable, and that he could have reasonably believed that he was faced with the necessity of defending himself, the record does not support defendant's claim that, initially, he used no more force than was necessary to repel Johnson. It is likewise questionable that defendant attempted to avoid the confrontation in that he stopped the car that he was driving, left the car and confronted an angry and boisterous Johnson.

Defendant, in his arguing that he did not use excessive force, characterizes the alter-cation that he had with Johnson as two events, the first being the blow that knocked Johnson to the ground and the second being the series of kicks to the head and stompings that followed. That characterization is not supported by the record on appeal. The evidence was sufficient to show that defendant's attack on Johnson was a sudden and continuous assault. The trial court did not err in concluding that the injuries suffered by Johnson were not a result of defendant exercising self-defense. Defendant's first point is denied.

Defendant's second point is directed to the Rule 29.15 motion that he filed. Defendant contends that the motion court erred in denying that motion without an evidentiary hearing. He argues that an amended motion that was filed contained factual allegations that would entitle him to relief and, therefore, that he should have been allowed an evidentiary hearing. Defendant claims that his trial attorneys advised him that he would be acquitted by reason of self-defense. He contends that his trial attorneys had not fully investigated the underlying facts for that defense when they gave the advice and, further, that his trial attorneys advised him not to accept a proposed negotiated plea agreement.

Defendant's position regarding this point on appeal is unique in that defendant received a trial, was found guilty and sentenced, and now, in lodging a complaint regarding the effectiveness of his trial counsel, makes no complaint about the representation he received at trial. Rather, defendant complains that his trial counsel should have advised him to plead guilty rather than to go to trial.

■ "The purpose of post-conviction proceedings is to challenge the validity of a conviction and sentence." *State v. Anderson*, 800 S.W.2d 465, 468 (Mo.App. 1990). A challenge to a conviction on grounds of ineffective assistance of counsel, to be successful, must show that there is reasonable probability that, absent alleged error, the fact-finder would have had a reasonable doubt respecting guilt. *Harry v. State*, 800 S.W.2d 111, 114 (Mo.App.

1990). "It is not sufficient to show that an error by counsel may have had some conceivable effect on the outcome." *Id.*

Regardless of whether defendant chose to plead guilty (as he now, via hindsight, contends that he should have done) or to proceed to trial (as he did), he would be in the same posture. He would stand convicted. The motion court concluded that defendant's claim that he was improperly advised not to plead guilty was "conclusory at best." Defendant, as a movant for post-conviction relief pursuant to Rule 29.15, was "entitled to an evidentiary hearing on his Rule 29.15 motion only if the motion allege[d] facts, not conclusions, which, if true, would [have] warrant[ed] relief, and the matters complained of must have resulted in prejudice to the movant." *State v. Dudley*, 819 S.W.2d 51, 56 (Mo.App. 1991).

■ Defendant asserts that his trial counsel advised him not to plead guilty, but to proceed to trial and to assert self-defense. He complains that this advice was uninformed in that it was given "without [counsel] having investigated the viability of that defense." Defendant does not identify what further investigation by counsel would have revealed nor how it would have benefitted him. He leaves that to speculation. It has long been held that when ineffective assistance of counsel is claimed based upon inadequate investigation, the one who makes that assertion must show that fuller investigation would have improved his position and that he was harmed by counsel's neglect. *See Thomas v. State*, 665 S.W.2d 621, 624 (Mo.App.1983). This holding is usually applied in cases in which a complaint is made that trial counsel failed to secure a witness whose testimony would have been beneficial to a defendant. That situation differs from the one in this case. The rationale, however, is the same. One who asserts inadequate investigation by counsel is responsible to show what further investigation would have disclosed and how failure to make that investigation harmed him.

■ The allegation by defendant that there was a proposed plea agreement available for his acceptance is a hypothecation as is the assumption that the trial judge would have accepted a particular negotiated plea agreement even had one been available. Considering that defendant now stands convicted and, had he chosen to plead guilty, he would still stand convicted, and that the other factors upon which defendant relies in claiming ineffective assistance of counsel are shrouded in speculation, this court does not find that the determination by the motion court that defendant did not plead facts that would have warranted an evidentiary hearing is clearly erroneous. The second point is denied.

The judgment of conviction in Case No. 16991 is affirmed. The order denying the Rule 29.15 motion in Case No. 17690 is affirmed.

PREWITT, P.J., and CROW, J., concur.