**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard OPLINGER, Defendant–Appellant.**

**Nos. 16791, 17859.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 3, 1993.

on the date the trial started. As part of this point defendant also states that the jury was told that "Dalton [was] a key witness in this case, and the state has a right to ask for a continuance." Defendant asserts these statements created a risk that the jury might attach greater weight to Dalton's testimony. Those comments are discussed in considering Point two.

The trial court determined that the witness was properly notified to be present and that the state had exercised due diligence to secure his presence. He had previously been subpoenaed and apparently was still under subpoena. The sheriff had informed him to be present, and he had also been reminded by letter.

"A trial court has considerable discretion in determining when to grant a recess or temporary adjournment during a trial, and such discretion will not be disturbed absent a showing of an abuse of that discretion." *State v. Simpson,* 779 S.W.2d 274, 284 (Mo.App.1989). See also *State v. Brown,* 698 S.W.2d 9, 12 (Mo.App.1985). There was no abuse of discretion in granting the recess.

■ For his second point defendant contends that the court committed plain error in not declaring a mistrial because the court stated that Dalton was a "key witness in this case". No objection was made to the comment at trial. Defendant contends that the court's comments had the effect of stating that Dalton's testimony was important and he "was a witness from whom the jury especially needed to hear testimony, ... thus unduly highlighted Dalton's testimony".

■ Under plain error review the action complained of must be so substantial that manifest justice or miscarriage of justice will result if left uncorrected. *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo. banc 1986), cert. denied, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

■ To determine the propriety of a comment by a trial judge an appellate court considers whether it was volunteered, made in response to an objection as part of a ruling, made in the presence of a jury,

Craig A. Johnston, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following trial by jury defendant was convicted of robbery in the first degree. The trial court followed the jury's recommendation, sentencing defendant to ten years' imprisonment. Defendant appeals.

■ Following trial defendant filed a postconviction relief motion under Rule 29.-15. An evidentiary hearing was held and the motion denied. Defendant appealed from that decision but briefs no issue relating to that motion, so that appeal is considered abandoned. *State v. Barnard,* 820 S.W.2d 674, 677 (Mo.App.1991).

■ For his first point defendant contends that the trial court erred in having an eleven day recess during the trial to allow the state to secure the testimony of Kenneth Dalton. Dalton had failed to appear

could have been construed by the jury to the prejudice of the defendant, or indicated that the jury was not to reach its own determination of the facts. *State v. Mitchell*, 693 S.W.2d 155, 160 (Mo.App.1985).

The comment by the trial court did not express an opinion on the evidence or defendant's guilt or innocence. Such is relevant in determining whether manifest injustice occurred. See *State v. Thomas*, 791 S.W.2d 861, 863 (Mo.App.1990).

For support under this point defendant primarily relies upon *State v. Bearden*, 748 S.W.2d 753 (Mo.App.1988). That case does not aid defendant. The trial judge in *Bearden* went much further than the judge here. In *Bearden*, the judge "offered statements without any factual basis on what the uncalled witnesses would have said, if called." 748 S.W.2d at 756. Here, there is no plain error under the standard stated in Rule 30.20. Points one and two are denied.

The state agrees that defendant's remaining point is well taken. That point states that the trial court erred in including in the judgment $68 from defendant for the Crime Victim's Compensation Fund, because the Fund was entitled to receive only $26 at the time the offense was committed.

The portion of the judgment appealed from in this court's Case No. 16791 assessing $68 for the Crime Victim's Compensation Fund is reversed and the cause remanded for the trial court to correct that portion of the judgment by reducing it to $26. In all other respects the judgment is affirmed. Appeal No. 17859 is deemed abandoned and is dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.