**STATE of Missouri, Respondent,**

v.

**Scott McFERRON, Appellant.**

**Scott McFERRON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 64161, 65619.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 17, 1995.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

WHITE, Judge.

A jury convicted defendant of attempt to possess cocaine base, a controlled substance. The trial court sentenced defendant, as a prior and persistent offender, to seven years imprisonment. Defendant filed a Rule 29.15 motion which the motion court denied without an evidentiary hearing. Defendant appeals the judgment entered on his conviction and the denial of his Rule 29.15 motion. We affirm.

The evidence viewed in the light most favorable to the verdict is as follows. On September 10, 1992, the street corner apprehension team (SCAT) of the St. Louis City Police Department set up an undercover drug operation. One SCAT officer posed as a drug dealer and stood on a corner with other undercover officers. The officer posing as a drug dealer was wired with a transmitter. Other officers were videotaping from a nearby van. Defendant drove up in a car and motioned to the officer posing as a drug dealer. This officer would later testify defendant's motions were consistent with those of a person wanting to purchase drugs. Defendant approached the officer and said "Let me have one." According to the officer, this is the type of statement made by a person wanting to purchase cocaine base (crack co-

caine). The officer replied by saying, "A twenty" and the defendant said, "Yeah." The officer handed defendant imitation crack cocaine and defendant handed the officer twenty dollars.

SCAT officers then arrested defendant. After being advised of his *Miranda*[1] rights, defendant made a written statement in which he asserted, "First time I did this and got arrested." At trial, defendant did not testify or present any evidence. The jury convicted defendant of attempt to possess crack cocaine. The trial court sentenced defendant, as a prior and persistent offender, to seven years imprisonment. Defendant filed a Rule 29.15 motion which the motion court denied without an evidentiary hearing. This consolidated appeal followed.

■ In his first point, defendant argues the trial court plainly erred by permitting the State to introduce and the jury to view an exhibit which consisted of 15.65 grams of crack cocaine. Defendant admits the issue was not raised in his motion for new trial. Review of defendant's claim is, therefore, under the plain error rule. *State v. Ervin*, 835 S.W.2d 905, 921 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). To be entitled to relief under the plain error rule, defendant must show the error affected his rights "so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected." *State v. · Parker*, 856 S.W.2d 331, 332–33 (Mo. banc 1993).

■ Demonstrative evidence is admissible when it is relevant to a material fact at issue in the case. *State v. Isa*, 850 S.W.2d 876, 890 (Mo. banc 1993). The State introduced an exhibit consisting of a sample of the imitation crack cocaine similar to the substance purchased by defendant. The State also introduced the complained of exhibit which consisted of 15.65 grams of actual crack cocaine. The transcript reflects the State introduced the exhibits to demonstrate the similar appearance of the imitation crack cocaine purchased by defendant and actual crack cocaine. Whether defendant's purpose

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

was to possess crack cocaine was a material fact at issue in the case.

Defendant also contends even assuming the exhibit was relevant to an issue in the case the use of a larger amount of actual crack cocaine than the amount of imitation crack cocaine purchased by defendant was unduly prejudicial. However, the prosecutor stated in the presence of the jury the exhibit of the actual cocaine was for demonstrative purposes. Immediately prior to the jury viewing the exhibits, the prosecutor asserted which exhibit consisted of the actual crack cocaine and which exhibit was the imitation crack cocaine. The State did not argue defendant attempted to possess 15.65 grams of crack cocaine. It was clear to the jury the exhibit was not connected to defendant but was merely for demonstrative purposes. Accordingly, we find no error, plain or otherwise. *See State v. Huff,* 831 S.W.2d 752, 754 (Mo.App.E.D.1992).

Defendant argues in his second point the trial court plainly erred by overruling defendant's motion for judgment of acquittal in the presence of the jury. After the State completed its case-in-chief, defendant's counsel made a motion for judgment of acquittal in the presence of the jury. The trial court overruled the motion, again in the presence of the jury. Defendant contends the trial court should have requested counsel to approach the bench and made its ruling at sidebar.

■ Defense motions for judgments of acquittal and the trial court's subsequent rulings are normally made outside the jury's presence. However, defendant may not complain of prejudice which his own conduct created. *State v. Byrd,* 676 S.W.2d 494, 500 (Mo. banc 1984), *cert. denied,* 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985). Here, defendant made his motion in the presence of the jury. Even if the trial court overruled defendant's motion at sidebar, when the trial continued the jury would have realized the motion had been overruled. The trial court

did not plainly err by overruling defendant's motion in the presence of the jury.

In his third point, defendant argues the trial court erred by overruling his motion for judgment of acquittal. Defendant asserts the State presented sufficient evidence to show defendant was attempting to buy a narcotic "of some kind." Defendant contends, however, there was no evidence he believed the substance was crack cocaine or it was his purpose to possess crack cocaine.

■ In reviewing an insufficient evidence claim, appellate courts view the evidence and reasonable inferences from the evidence in the light most favorable to the verdict and all contrary evidence is ignored. *State v. Feltrop,* 803 S.W.2d 1, 11 (Mo. banc), *cert. denied,* 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). An appellate court's function is not to weigh the evidence but rather to determine whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *Id.* A defendant's purpose is rarely susceptible to direct proof. *State v. Van Vleck,* 805 S.W.2d 297, 299 (Mo.App.E.D. 1991).

■ When defendant approached the undercover officer he stated, "Let me get one." One officer testified this language is used by persons wanting to purchase crack cocaine. The officer then said "A twenty" and defendant replied "Yeah." The officer then handed defendant the imitation crack cocaine and defendant gave the officer twenty dollars. As discussed in point one, the State presented demonstrative evidence which showed the imitation crack cocaine looked like actual crack cocaine. This constitutes sufficient evidence from which the jury could find the defendant believed the substance was crack cocaine and his purpose was to possess crack cocaine.

■ Defendant argues in his fourth point the trial court plainly erred by not permitting him to be present during sidebar voir dire examinations of two venirepersons. The trial court overruled defendant's request to be present during the sidebar voir dire examinations. Defendant requests plain error review because the issue was not raised in the motion for new trial. Defendant contends the trial court's ruling deprived him of the

right to be present at all critical stages of the trial.

A federal appeals court has considered the issue raised by defendant. *U.S. v. McCoy,* 8 F.3d 495 (7th Cir.1993). In *McCoy,* defendant argued the district court violated his right to be present at trial by not including him at sidebar and in camera conferences. *Id.* at 496. At one of the sidebar conferences, the district court questioned a potential juror who knew defendant was a former inmate. *Id.*

The Seventh Circuit recognized defendant's Sixth Amendment right to confront witnesses or evidence against him was not implicated because no witness or evidence was presented at the conferences. *Id.* The court also recognized defendant had a due process right to be present whenever his presence had a reasonably substantial relationship to his opportunity to defend against the charge. *Id.* at 496–97 (quoting *U.S. v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985)) (further citation omitted). But the court held a defendant's presence is a condition of due process only to the extent defendant's absence would thwart a fair and just hearing. *Id.* at 497 (citations omitted). The court then analyzed the U.S. Supreme Court's decision in *Gagnon.*

In *Gagnon,* the Supreme Court found that defendant's due process rights were not violated when they were excluded from an *in camera* conference between the judge, defense counsel and a juror regarding the juror's possible bias. The Court based its holding on the fact that the defendants 'could have done nothing had they been at the conference, nor would they have gained anything by attending.'

*Id.* (quoting *Gagnon,* 470 U.S. at 527, 105 S.Ct. at 1485). The court held defendant's absence from the conferences did not detract from his defense or in any other way affect the fundamental fairness of his trial. *Id.* The court ruled defendant had no Sixth Amendment or due process rights to attend the sidebar conferences and affirmed his conviction. *Id.*

The analysis in *McCoy* is applicable to the present case. In this case, no witness or evidence against defendant was presented during the sidebar voir dire examination of the two jurors. Defendant's counsel was present and participated in the sidebar examinations. Defendant presents no argument regarding how his failure to be present at the sidebar affected his opportunity to defend against the charge. The trial court did not plainly err by denying defendant's request to be present at the sidebar examinations.

In his fifth point, defendant argues the trial court erred by failing to consider and permit defendant's entrapment defense. In his motion for new trial, defendant asserts the trial court erred by failing to give defendant's entrapment instruction. Section 562.066.2 RSMo 1986 provides an entrapment occurs when "a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct." This statute requires proof of both inducement to engage in unlawful conduct and an absence of willingness to engage in such conduct. *State v. Willis,* 662 S.W.2d 252, 255 (Mo. banc 1983). Missouri uses the subjective test for entrapment which focuses on the "origin of intent" to commit the crime with emphasis on the predisposition of the accused. *Id.* at 254.

Defendant has the initial burden to show, by substantial evidence, unlawful governmental inducement and defendant's lack of predisposition. *Id.* at 255. Defendant may use evidence adduced in the State's case and the evidence is viewed in the light most favorable to defendant. *State v. Foster,* 838 S.W.2d 60, 65 (Mo.App.E.D.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1607, 123 L.Ed.2d 169 (1993). If defendant meets this burden, the State must prove lack of entrapment beyond a reasonable doubt. *Id.*

The only evidence defendant claims indicates his lack of willingness to commit the crime is his written statement indicating it was his first time and an officer's testimo-

ny he motioned defendant over. In his written statement defendant did not state it was his first time purchasing drugs but rather it was the "First time I did this and got arrested." The officer testified he motioned to defendant but after defendant made a motion to him. Regardless, defendant approached the officer and said, "Let me get one." Defendant subsequently gave the officer twenty dollars after receiving the imitation crack cocaine. Defendant offered no evidence and the evidence presented by the State does not reflect an absence of willingness by defendant to commit the crime. Accordingly, the trial court did not err by refusing to give defendant's entrapment instruction.

■ On appeal, defendant also contends the trial court did not properly consider defendant's request for an entrapment instruction. Defendant did not raise this issue in his motion for new trial. Defendant claims the trial court impermissibly prejudged the issue which prevented defendant from testifying. After the trial court refused defendant's instruction, defendant's counsel asked the court if the instruction would be given if defendant chose to testify and his testimony raised the issue of entrapment. Review of the exchange reflects the court merely informed defendant, given the evidence, if he testified the officer waved first or the officer told defendant "to come here" this would not justify an entrapment instruction. We agree. The trial court did not prevent defendant from testifying or fail to consider defendant's entrapment instruction. Defendant's fifth point is denied.

Defendant argues in his sixth point the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing. Defendant contends his trial counsel rendered ineffective assistance by failing to inform him the State's plea offer of six months involved the possibility of probation. Defendant claims he would have pleaded guilty and received a sentence of at most six months or possibly probation.[2]

■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). A motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression a mistake has been made. *Ervin,* 835 S.W.2d at 928. To establish ineffective assistance of counsel, defendant must demonstrate his trial counsel's performance was deficient and this deficient performance prejudiced the defense. *Id.* at 929. "To obtain an evidentiary hearing a movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993).

Defendant's claim is similar to one made by the defendant in *State v. Morgan,* 830 S.W.2d 41 (Mo.App.S.D.1992). In *Morgan,* defendant argued the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. *Id.* at 44. Defendant contended his counsel rendered ineffective assistance by advising him to go to trial rather than accepting a plea agreement. *Id.* The court noted regardless whether defendant chose to plead guilty or to proceed to trial the result was the same, defendant was convicted. *Id.* at 45. The court held defendant's assumption the trial judge would have accepted a particular plea agreement was a "hypothecation" and affirmed the denial, without an evidentiary hearing, of defendant's Rule 29.15 motion. *Id.*

■ As in *Morgan,* defendant in the present case would stand convicted regardless whether he accepted a plea agreement or proceeded to trial. The motion court found defendant's allegation if he accepted the proposed plea agreement he would have been granted probation "amounts to pure

2. In his amended motion, defendant alleged, "Trial counsel was ineffective for failing to inform movant if he pleaded guilty pursuant to the State's six-month plea offer, he would have got-

ten probation. Movant states he was informed the State extended a plea offer of six months, which he assumed did not involve a possibility of probation."

speculation and is based on an assumption that the trial judge would have accepted the particular negotiated plea agreement had it been available and would have granted probation." The motion court further found this amounted to speculation because defendant had five prior felony convictions. The motion court's findings are not clearly erroneous.

In his seventh point, defendant argues the trial court plainly erred in entering judgment which stated the jury convicted defendant of possession of cocaine. Defendant contends this clerical error can be corrected by a *nunc pro tunc* order and resentencing is not necessary. The State admits a clerical error occurred. However, after defendant submitted his brief the trial court entered a *nunc pro tunc* order which provides the jury convicted defendant of attempt to possess cocaine, a class D felony, and not possession of cocaine, a class C felony. Accordingly, defendant's point is rendered moot. *Hutson v. State*, 878 S.W.2d 497, 499 (Mo.App.S.D.1994). In addition, as a prior and persistent offender, defendant's seven year sentence is within the statutory limits for a class D felony. § 558.016.7(4) RSMo Supp.1993.

 Defendant argues in his final point the trial court plainly erred by not *sua sponte* declaring a mistrial. Defendant contends the State informed the jury it had an additional police officer whose testimony would be cumulative to the State's other witnesses. Defendant relies on this court's decision in *State v. Bearden*, 748 S.W.2d 753 (Mo.App.E.D.1988).

In *Bearden*, defendant appealed his conviction for possession of a controlled substance and the following dialogue occurred during closing argument:

'PROSECUTOR: ... HOW MANY WITNESSES DO I NEED TO CALL *WHEN I EXPECT THEY WILL ALL SA[Y] THE SAME THING?* ALL THE PERSONS WHO WERE WITNESSES TO THIS WOULD HAVE TESTIFIED TO THE SAME THING.

DEFENSE: I OBJECT AGAIN. THERE COULD HAVE BEEN SEVERAL STORIES. THIS IS POLICE WORK, THEY WERE ENDORSED.

THE COURT: OVERRULED. IF YOU WANTED TO,—THEY WERE EQUALLY AVAILABLE TO YOU. *THE WITNESSES WOULD HAVE TESTIFIED FAVORABLY FOR THE STATE.* DETECTIVE HEITZLER WAS ONE OF SIX OR SEVEN OFFICERS WHO WERE PRESENT AND *THEIR TESTIMONY WOULD HAVE BEEN FAVORABLE TO THE STATE.*'

*Id.* at 755. Defendant argued the trial court erred in not prohibiting the prosecutor from advising the jury other police officers would have testified the same as Detective Heitzler, who testified to the facts for the State. *Id.* Defendant also argued the trial court, in overruling defendant's objection, "impermissibly interjected itself into the case when the court found the uncalled officers equally available and commented on what their testimony would have added to the evidence." *Id.*

In reversing and remanding for new trial, this court analyzed primarily the trial court's comments made after defendant objected. *Id.* at 755–56. "The gratuitous statements of the court have the effect of a judicial pronouncement that six or seven other witnesses would have testified to inculpatory facts from which the jury could find Detective Heitzler credible and Bearden guilty." *Id.* at 756. This court ultimately held the trial court's comments were inherently prejudicial and constituted plain error. *Id.*

The dialogue in *Bearden* is distinguishable from the following dialogue which occurred in the present case.

PROSECUTOR: STATE HAS NO FURTHER EVIDENCE. WE DO HAVE OFFICER WILLIAMS AVAILABLE IF THE DEFENSE ATTORNEY CARES TO CALL HIM. HIS TESTIMONY IS CUMULATIVE. DETECTIVE. EXCUSE ME.

THE COURT: ALL RIGHT.

DEFENSE: IS HE AVAILABLE NOW?

PROSECUTOR: HE'S BACK THERE IF YOU WANT TO CALL HIM. STATE CLOSES ITS CASE AT THIS TIME, YOUR HONOR.

THE COURT: ALL RIGHT.

Contrary to *Bearden*, the trial court did not assert the single officer who did not testify in this case would have testified favorably for the State. In *Bearden*, defendant objected to the prosecutor's statement regarding other witnesses whereas in this case defendant failed to object. The remarks by both the trial court and prosecutor in *Bearden* were simply far more egregious than those by the prosecutor in the present case. Declaring a mistrial is a remedy to be used in extraordinary circumstances. *State v. Pendleton*, 860 S.W.2d 807, 812 (Mo.App.E.D.1993). The trial court did not plainly err by failing *sua sponte* to declare a mistrial.

The judgments are affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.