STATE of Missouri, Respondent,

v.

Steven SHAW, Appellant.

Steven SHAW, Appellant,

v.

STATE of Missouri, Respondent.

No. 68684.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 1997.

---

1. All statutory citations are RSMo 1994.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Andrew J. Lay, Asst. Atty. Gen., St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Steven Shaw ("defendant"), appeals the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of two counts of attempted robbery in the first degree, RSMo § 564.011.[1] Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm in part and remand in part.

 In his first point, defendant contends the motion court erroneously denied his Rule 29.15 motion without an evidentiary hearing. In order to be entitled to an evidentiary hearing, a movant must plead facts, not conclusions, which would entitle him or her to relief, and which are not refuted by the record. *State v. McFerron*, 890 S.W.2d 764, 769 (Mo.App. E.D.1995). Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Id.*

In his motion, defendant asserted his trial counsel was ineffective for failing to strike a venireperson who was biased and who later served on the jury, resulting in prejudice to him. Defendant contends his counsel should have challenged the venireperson for cause or exercised a peremptory strike against him. During voir dire, the following dialogue took place:

[DEFENSE COUNSEL]: Anybody in this feel like that if they heard there was some running involved they would automatically assume someone was guilty?

[VENIREPERSON]: Yes, sir, I would, one hundred percent automatically assume but—definitely would—

[DEFENSE COUNSEL]: That would be important?

[VENIREPERSON]: Yes.

Defendant's attorney did not question this panel member any further but continued this line of questioning with another venireperson. Voir dire concluded almost immediately thereafter. While defendant's counsel chal-

1. All statutory references are to RSMo 1994 unless otherwise noted.

lenged several jurors for cause and used peremptory strikes against several others, he did not mention nor attempt to strike the venireperson quoted above.

 In order to succeed on an ineffective assistance of counsel claim, defendant must show his counsel's performance fell below that expected of a reasonably competent attorney and that such deficiency prejudiced him. *State v. Sonka*, 893 S.W.2d 388, 389 (Mo.App. S.D.1995). Generally, the decision to strike a venireperson is a matter of trial strategy. *See Olds v. State*, 891 S.W.2d 486, 490 (Mo.App. E.D.1994). However, the failure to challenge a venireperson who admits to a prejudice to the defendant's detriment constitutes ineffective assistance absent an acceptable explanation. *State v. McKee*, 826 S.W.2d 26, 28 (Mo.App. W.D.1992).

Here, a venireperson stated he "would one hundred percent automatically assume" defendant's guilt based on evidence that he ran from police. Witnesses were prepared to testify—and did testify—that defendant ran from the scene of the attempted robbery and ran when approached by a marked police car. While flight may be considered as evidence of guilt, *see State v. Chapman*, 876 S.W.2d 15, 18 (Mo.App. E.D. 1994), defendant was nonetheless entitled to a full panel of jurors who would consider all the evidence before rendering a decision in accordance with the law, rather than "automatically assume" guilt based on one piece of evidence. *See State v. Brown*, 902 S.W.2d 278, 285 (Mo.banc 1995).

Defendant's attorney did not rehabilitate the panel member after this answer was given, nor did he attempt to strike the prospective juror either for cause or peremptorily. Moreover, a review of the entire voir dire examination does not refute defendant's claim of bias on the part of the venireperson, nor does it offer an acceptable explanation of defense counsel's action in failing to remove the venireperson from the panel. Therefore, defendant pled sufficient facts, which are not refuted by the record, and which entitle him to an evidentiary hearing in order to determine defense counsel's reasoning with respect to the venireperson at issue. *See State v. Price*, 940 S.W.2d 534, 539 (Mo.App. E.D.

1997). The cause is remanded for that purpose.

Turning to defendant's second point on appeal, we have reviewed the briefs of the parties and the legal file, and finding defendant's claim to lack merit, affirm the judgment of conviction pursuant to Rule 30.25(b).

DOWD, P.J., and REINHARD, J., concur.