**Lonnie TILTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21974.**

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1998.

Susan L. Hogan, Appellate Defender, for appellant.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant guilty of the class C felony of stealing. § 570.030.[1] The trial court sentenced Appellant, a prior offender, § 558.016.2, to six years' imprisonment, to run consecutively to a prison sentence imposed earlier in another case. This opinion henceforth refers to the stealing case as "case 414," as its case number in the trial court was CR596–414FX; this opinion henceforth refers to the other case as "case 187," as its case number in the trial court was CR594–187FX.

This court affirmed the judgment in case 414 in an unpublished summary order per Rule 30.25(b).[2]

Appellant thereafter filed a timely motion to vacate the judgment in case 414 per Rule 29.15. The motion court denied relief after an evidentiary hearing. Appellant brings this appeal from the motion court's judgment. Appellant's sole point relied on is:

"The [motion] court clearly erred in denying ... postconviction relief, because the record leaves the firm conviction that a mistake has been made, in that [Appellant] has established that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances ... by failing to properly inform [Appellant] of the mandatory minimum time that [he] would have to serve if convicted. [Appellant] was prejudiced because defense counsel's failure to give him adequate advice resulted in [Appellant] passing up the opportunity to plead guilty in exchange for a more favorable concurrent five year sentence, rather than the consecutive six year sentence he received after trial."

The only evidence presented to the motion court was the deposition testimony of Appellant, which established that a public defender ("Defense Counsel") represented Appellant in the trial court in case 414. Appellant avowed Defense Counsel never explained that "the statutes of Missouri" required Appellant "to serve a mandatory minimum of time before being considered for release for parole."

As noted in the first paragraph of this opinion, Appellant was sentenced as a prior offender in case 414. Section 558.019.2 provides, in pertinent part:

" ... Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

(1) If the defendant has one previous remand to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his sentence...."

Appellant recounted that he decided to waive his right to a preliminary hearing in case 414 after conferring with Defense Counsel. On the day Appellant and Defense Counsel appeared in court for the waiver, they conferred further about case 414. Asked what Defense Counsel told him, Appellant testified:

"[T]hey would offer me a five-year plea bargain [and] they would run it concurrent with the five I already had."

Appellant was aware that if he stood trial and was convicted in case 414, his sentence could be run concurrently with or consecutively to his sentence in case 187. Appellant's testimony continued:

"Q.   ... [when Defense Counsel] talked to you about the plea offer, would you have accepted the plea offer had [Defense Counsel] told you you would have had a mandatory minimum to serve?

A.   Yes.

Q.   And why was that?

---

1.   References to statutes are to RSMo 1994.

2.   References to rules are to Missouri Rules of Criminal Procedure (1997).

A. Well, because if I would have knew that, I would have already had that time up.

Q. ... Are you saying that ... you would have accepted the plea agreement because the risk of serving a mandatory minimum would not have been worth it to you to go to trial?

A. Yeah.

Q. During your discussions with [Defense Counsel] and at the time of your jury trial, what was your understanding as to how much time a person would normally spend for your case if convicted and sentenced?

A. A couple of months on a year.

. . . .

Q. Finally, just to make it absolutely clear, if [Defense Counsel] had told you you would be required to serve a mandatory minimum amount of time before being considered eligible for parole, would you have accepted the plea bargain?

A. Yes."

In denying relief, the motion court arrived at the following conclusion of law:

"The Court finds no case directly in point on the issue of trial counsel not advising the Movant of the statute requiring a person with the number of remands that Movant claimed to have to serve forty (40) percent of his term thereby affecting the decision of Movant to accept a plea bargain or go to trial. However, to sustain this claim the Court would have to assume several things, but the most important thing to be assumed is that the trial court would have accepted the plea bargain. The trial court is not ever bound by any plea agreement between a criminal defendant and the prosecuting attorney. The Court in this case could simply reject this plea bargain the Movant was supposedly offered, and in view of Movant's extensive criminal record it can be reasonably argued that that would at least be a possibility."

■ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings and conclusions of that court are clearly erroneous. Rule 29.15(k); *State v. Phillips,* 940 S.W.2d 512, 521[14] (Mo. banc 1997).

■ To prevail on a claim of ineffective assistance of counsel, a prisoner seeking post-conviction relief must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances and (2) the prisoner was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

Assuming, arguendo, that Defense Counsel rendered ineffective assistance in failing to inform Appellant that he would have to serve forty percent of any prison sentence imposed in case 414, Appellant is nonetheless ineligible for post-conviction relief unless he demonstrates he was prejudiced by Defense Counsel's oversight.

Appellant maintains he was prejudiced in that had he understood he would have to serve forty percent of his sentence in case 414, there is a reasonable probability he would have accepted the plea offer. Had he accepted it, says Appellant, he would have received a five-year sentence in case 414, running concurrently with his sentence in case 187. By going to trial, Appellant received a six-year sentence in case 414, running consecutively to his sentence in case 187.

The test for determining whether an accused was prejudiced by ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

466 U.S. at 694, 104 S.Ct. at 2068[19].

In Missouri, a trial court may accept or reject a plea agreement. Rule 24.02(d)2. In *State v. McFerron,* 890 S.W.2d 764 (Mo.App. E.D.1995), an accused was convicted by jury.

*Id.* at 766. He sought post-conviction relief on the hypothesis that his lawyer rendered ineffective assistance by failing to inform him of a plea offer for a lesser sentence and "the possibility of probation." *Id.* at 769. Affirming the denial of post-conviction relief, the appellate court held:

> "The motion court found defendant's allegation if he accepted the proposed plea agreement he would have been granted probation 'amounts to pure speculation and is based on an assumption that the trial judge would have accepted the particular negotiated plea agreement had it been available and would have granted probation.' The motion court further found this amounted to speculation because defendant had five prior felony convictions. The motion court's findings are not clearly erroneous."

*Id.* at 769–70[18].

The rationale of *McFerron* is consistent with that in *State v. Morgan*, 830 S.W.2d 41 (Mo.App. S.D.1992). There, an accused who stood trial and was found guilty sought post-conviction relief on the premise that his lawyer rendered ineffective assistance by advising him not to accept a proposed negotiated plea agreement. *Id.* at 44. Affirming the denial of post-conviction relief, the opinion said:

> "The allegation by defendant that there was a proposed plea agreement available for his acceptance is a hypothecation as is the assumption that the trial judge would have accepted a particular negotiated plea agreement even had one been available."

*Id.* at 45.

In the instant proceeding for post-conviction relief, the burden was on Appellant to prove his claim for relief by a preponderance of the evidence. Rule 29.15(i); *State v. Ervin*, 835 S.W.2d 905, 927–28 (Mo. banc 1992), *cert. denied*, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

Appellant cites no evidence demonstrating a reasonable probability that the trial court in case 414 would have accepted the potential plea agreement described by Appellant in his deposition. Our search of the record reveals none.

We do, however, find in Appellant's deposition the revelation that his prison sentence in case 187—receiving stolen property—was imposed after his probation in that case was revoked. Asked what the grounds for the revocation were, Appellant responded: "Sexual assault."

■ To obtain post-conviction relief from the judgment in case 414, it was Appellant's burden to prove to the motion court that there is a reasonable probability that: (a) had Defense Counsel informed Appellant that he would have to serve forty percent of any sentence assessed in case 414, Appellant would have accepted an offer of a five-year prison sentence in case 414, to run concurrently with his prison sentence in case 187, and (b) the trial court in case 414 would have accepted such an agreement and sentenced Appellant in accordance with it. The motion court's conclusion of law (quoted earlier in this opinion) implicitly holds Appellant failed to prove that hypothesis. Given the evidence set forth in the preceding paragraph, we hold the motion court's conclusion is not clearly erroneous.

The judgment of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.