UNITED STATES of America, Plaintiff–Appellee,

v.

Michael McCOY, Defendant–Appellant.

No. 92–3830.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1993.

Decided Oct. 25, 1993.

Susan Heckard (argued), Larry A. Mackey, Scott C. Newman, Asst. U.S. Attys., Indianapolis, IN, for plaintiff-appellee.

Allan L. Yackey, Rimstidt, Yackey & Ladd, Indianapolis, IN (argued), for defendant-appellant.

Before BAUER, MANION and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

A jury found Michael McCoy guilty of robbery, armed robbery, and use of a firearm during a crime of violence. He was sentenced to 802 months of incarceration. McCoy now appeals his conviction, arguing that the district court violated his right to be present at trial by not including him at sidebar and in camera conferences. We affirm.

## I.

During McCoy's two-day trial, at which he was both present and represented by counsel, the court conducted one *in camera* and nine sidebar conferences, outside the hearing of both the jury and McCoy. Three of the sidebar conferences took place during selection of the jury. At the first sidebar, the court questioned a potential juror who worked for the Indiana Department of Corrections and recognized McCoy as a former inmate. At the second sidebar, the court and the government questioned defense counsel regarding a potential juror with whom he was acquainted, Robert Brown. At the third sidebar, the attorneys discussed their peremptory challenges, only one of which raised any concern. The government indicated that it wished to excuse Brown because he was acquainted with defense counsel, because he was a substance abuse counselor and might therefore be sympathetic to McCoy (a possible substance abuser), and because the prosecutor thought that he might be employed as a defense consultant. The court asked defense counsel whether he objected to the strike in light of the fact that both McCoy and Brown were African American, and counsel indicated that he did not. The court found that there were sufficient nonrace based reasons to support the strike, so that it was not problematic under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Five sidebar conferences took place during the presentation of evidence. Three dealt with scheduling and two addressed evidentiary matters. At the close of evidence, the court held a jury instruction conference in chambers. Finally, before instructing the jury, the court held a sidebar to inform counsel of a change in one instruction.

■ Neither McCoy nor his attorney objected to McCoy's absence from any of these conferences at any time before, during or after the trial. We therefore review McCoy's absence for plain error only. Fed. R.Crim.P. 52(b); *United States v. Quintanilla*, 2 F.3d 1469, 1476 (7th Cir.1993); *United States v. Wagner*, 996 F.2d 906, 916 (7th Cir.1993). Under that standard, we will reverse only if doing so is necessary to prevent a miscarriage of justice. *Quintanilla*, 2 F.3d at 1476; *Wagner*, 996 F.2d at 916.

## II.

■ A defendant's right to be present at trial derives from several sources. First, the defendant has a sixth amendment right to confront witnesses or evidence against him. *See United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (per curiam); *Verdin v. O'Leary*, 972 F.2d 1467, 1481 (7th Cir.1992); *United States v. Shukitis*, 877 F.2d 1322, 1329 (7th Cir. 1989). That right is not implicated here, because no witness or evidence against McCoy was presented at any of the conferences. *See Verdin*, 972 F.2d at 1481–82.

■ The defendant also has a due process right to be present " 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.' " *Gagnon*, 470 U.S. at 526, 105

S.Ct. at 1484 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)). But " 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' " *Id.* (quoting *Snyder,* 291 U.S. at 107–08, 54 S.Ct. at 333); *see also Verdin,* 972 F.2d at 1481–82; *United States v. Moore,* 936 F.2d 1508, 1523 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991); *Shukitis,* 877 F.2d at 1329–30. That determination is made in light of the record as a whole. *Gagnon,* 470 U.S. at 526–27, 105 S.Ct. at 1484.

In *Gagnon,* the Supreme Court found that defendants' due process rights were not violated when they were excluded from an *in camera* conference between the judge, defense counsel and a juror regarding the juror's possible bias. The Court based its holding on the fact that the defendants "could have done nothing had they been at the conference, nor would they have gained anything by attending." *Id.* at 527, 105 S.Ct. at 1485. In *Shukitis,* we similarly held that a defendant's due process rights were not implicated when he was excluded from an *in camera* conference that addressed a separation of witnesses order. We reasoned that the absence did not affect the court's ability to decide the issue or otherwise diminish Shukitis' ability to defend against the charges, and that Shukitis' interests were adequately protected by his counsel's presence at the conference. 877 F.2d at 1330. *See also Moore,* 936 F.2d at 1523.

As in *Gagnon* and *Shukitis,* McCoy's absence from the conferences did not detract from his defense or in any other way affect the fundamental fairness of his trial. Indeed, McCoy seems to have conceded this point, having offered no argument to the contrary. Like Shukitis, McCoy's interests were sufficiently protected by his counsel's

presence at the conferences. McCoy therefore had no due process right to attend.

■ Finally, Fed.R.Crim.P. 43 entitles defendants to be present "at every stage of the trial including the impaneling of the jury...." [1] This right is broader than the constitutional right (*Shukitis,* 877 F.2d at 1330), but is waived if the defendant does not assert it. Reversing the Ninth Circuit in *Gagnon,* the Supreme Court explained:

> We disagree with the Court of Appeals that failure to object is irrelevant to whether a defendant had voluntarily absented himself under Rule 43 from an *in camera* conference of which he is aware. The district court need not get an express "on the record" waiver from the defendant for every trial conference which a defendant may have a right to attend.... A defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present.

470 U.S. at 528, 105 S.Ct. at 1485; *cf. Taylor v. United States,* 414 U.S. 17, 18–20, 94 S.Ct. 194, 195–96, 38 L.Ed.2d 174 (1973) (per curiam). A defendant may not assert a Rule 43 right for the first time on appeal. *Gagnon,* 470 U.S. at 529, 105 S.Ct. at 1485; *Shukitis,* 877 F.2d at 1330. Because McCoy did not invoke Rule 43 either during trial or in a post-trial motion, he has waived any right under that rule.[2]

### III.

McCoy had no Sixth Amendment or due process right to attend the sidebar or *in camera* conferences. He waived any Rule 43 right he may have had by failing to assert it before the trial court. McCoy's conviction is AFFIRMED.

---

**1.** Rule 43(a) provides in full:
> The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

**2.** Subsection 43(c)(3) limits the Rule 43 right, providing that "[a] defendant need not be present ... [a]t a conference or argument upon a question of law." Because McCoy has in any event waived his opportunity to rely on Rule 43, we need not consider whether or not he had any right under the rule.