65 F.3d 171
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald SNYDER, also known as Reginald Simmons, Defendant-Appellant.
 No. 94-2493.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.
Decided Aug. 30, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Following his conviction for six cocaine offenses, Reginald Snyder was sentenced to 262 months' imprisonment and fined $5,000. Snyder appealed. Believing that the appeal is frivolous, his lawyer asks to withdraw. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Snyder has filed a response, following his receipt of notice under Circuit Rule 51(a). Counsel's brief commendably analyzes a multitude of possible issues. Snyder's response reveals that he wants to press only a few of this host; we look at them briefly.
 
 
 2
 1. One of the grand jurors on the panel that indicted Snyder has been convicted of obstructing justice. Snyder believes that this entitles him to a new indictment and trial; it does not. United States v. Lamantia, 50 F.2d 705 (7th Cir.1995).
 
 
 3
 2. The conviction was based on a combination of eyewitness testimony and tape-recorded conversations. Snyder believes that the witnesses were liars, but this was a question for the jury rather than the court of appeals.
 
 
 4
 3. Snyder believes that his trial lawyer rendered ineffective assistance. The objections that he presents--for example, that his lawyer did not ensure his participation in sidebar conferences--do not show that counsel fell short of his obligations under the sixth amendment to the Constitution. Represented defendants are not entitled to approach the bench for sidebar conferences. United States v. McCoy, 8 F.3d 495 (7th Cir.1993). Counsel's failure to make a motion for acquittal under Fed.R.Civ.P. 29 cost Snyder nothing. Acquittal by the judge was not in the cards; this case properly was submitted to the jury. The use of co-conspirator hearsay was unexceptionable, and the lawyer did not fall short by omitting objections that the court could only have seen as pointless. Other details do not require discussion.
 
 
 5
 4. Sentencing was carried out according to the Guidelines. The district judge's refusal to award Snyder a downward departure is not within our jurisdiction. United States v. Franz, 886 F.2d 973 (7th Cir.1989). Snyder's principal argument at sentencing--that the government unfairly increased his punishment by allowing him to go on selling cocaine for too long before arresting him--is ludicrous. Society has an interest in stopping criminals sooner rather than later, but criminals do not have a right to be stopped. Hoffa v. United States, 385 U.S. 293, 310 (1966). Snyder's crimes were his own doing. He could and should have quit earlier. He has only himself to blame for the length of his sentence.
 
 
 6
 Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.