FILED
United States Court of Appeals
Tenth Circuit

August 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. McCOY,

　　　　Petitioner - Appellant,

v.

CLAUDE MAYE, Warden, USP
Leavenworth,

　　　　Respondent - Appellee.

No. 15-3029
(D. Kansas)
(D.C. No. 5:14-CV-03104-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Michael D. McCoy, a federal prisoner proceeding pro se, appeals from an

order of the United States District Court for the District of Kansas dismissing his

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

A federal jury in the Southern District of Indiana found McCoy guilty of multiple counts of "robbery, armed robbery, and use of a firearm during a crime of violence." *United States v. McCoy*, 8 F.3d 495, 496 (7th Cir. 1993). The district court sentenced McCoy to a term of imprisonment of 802 months. *Id.* The Seventh Circuit affirmed. *Id.* at 497. Thereafter, McCoy filed in the sentencing court a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence; the motion was denied in 1997. It does not appear McCoy appealed the denial of his § 2255 motion to the Seventh Circuit.

In June of 2014, while incarcerated at the Federal Correctional Institution in Leavenworth, Kansas, McCoy filed the instant § 2241 petition in the United States District Court for the District of Kansas. In his § 2241 petition, McCoy attacked the validity of his convictions. In particular, he asserted the sentences he received on the 18 U.S.C. § 924(c) firearm counts are inconsistent with the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court dismissed McCoy's petition, concluding the proper remedy was for him to seek permission from the Seventh Circuit to file a successive § 2255 motion in the Southern District of Indiana. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); 28 U.S.C. § 2255(h). McCoy appeals.

Upon de novo review of the record and McCoy's appellate brief, this court concludes the district court was correct in dismissing McCoy's § 2241 petition. A § 2241 petition is not the proper means to raise the claims set out by McCoy. Instead, unless it is inadequate or ineffective, a § 2255 motion in the Southern District of Indiana is the exclusive remedy for McCoy to challenge his convictions and sentence. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."); 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). McCoy has not, however, established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact McCoy may very well be precluded from filing a second or successive § 2255 motion in the sentencing court does not establish that statutory remedy is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Accordingly, the district was correct to dismiss McCoy's § 2241 petition.

The order of the United States District Court for the District of Kansas dismissing McCoy's § 2241 petition for lack of jurisdiction is hereby

**AFFIRMED**.  Because McCoy failed to advance a "reasoned, nonfrivolous argument" on appeal, his motion to proceed in this court in forma pauperis is **DENIED** and he is ordered to immediately remit the full appellate filing fee. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (holding that to be entitled to proceed in forma pauperis, a movant must show, inter alia, "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge