NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0233n.06

No. 14-4067

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DEREK A. WARNER, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Apr 29, 2016
DEBORAH S. HUNT, Clerk

BEFORE:    DAUGHTREY, CLAY, and STRANCH, Circuit Judges.

PER CURIAM. Indicted on 12 drug and firearm counts, defendant Derek Warner moved to suppress the evidence supporting four of the charges. During a pretrial hearing on his motion, Warner's testimony about the events leading up to the searches differed in some respects from that of the police officers who testified. Warner also denied selling drugs on the days in question and maintained that he was unaware of the drugs found in his house and vehicles. Ultimately, the district court denied Warner's motion to suppress. Warner was convicted on the drug charges, and the government dismissed the firearm charge.

At sentencing, the government argued that Warner committed perjury during the suppression hearing and therefore warranted a sentencing enhancement for obstruction of justice. The district court found that Warner deserved a two-level enhancement "for attempting to obstruct or impede the administration of justice with regard to the prosecution" and calculated his range under the Sentencing Guidelines accordingly. However, the district court failed to

identify the specific portions of Warner's testimony it found to be false and also failed to find on the record that the perjury was material and made with willful intent, as required by well-established Supreme Court and Sixth Circuit precedent. For this reason, we find it necessary to vacate Warner's sentence and remand the case to the district court.

Section 3C1.1 of the United States Sentencing Guidelines provides:

If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels.

U.S. Sentencing Guidelines Manual § 3C1.1 (2013). Application note 4(B) to § 3C1.1 explains that one type of conduct to which the enhancement applies is "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction." *Id.* A person testifying under oath commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

Before applying the obstruction-of-justice enhancement based on a defendant's perjury, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same," under the above definition of perjury. *Id.* at 95. We require the district court first to identify the defendant's perjured testimony and then to "either make specific findings for each element of perjury or at least make a finding that encompasses all of the factual predicates for a finding of perjury." *United States v. Bazazpour*, 690 F.3d 796, 808 (6th Cir. 2012) (internal quotation marks and citation omitted). "[I]t is preferable for a district court to address each element of the

alleged perjury in a separate and clear finding." *Dunnigan*, 507 U.S. at 95. "The district court must be specific." *United States v. Lawrence*, 308 F.3d 623, 633 (6th Cir. 2002). Hence, the court must do more than simply state that it did not believe the defendant's testimony. *Id.*

"[W]here the record reveals that the government has proffered a clear and detailed list of the defendant's perjurious statements, the district court need not parrot that list so long as it makes clear that it has independently adopted the government's version." *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir. 1997). Our case law also suggests that the district court need not specifically identify the perjury "where the defendant's testimony appears to be 'pervasively perjurious,' . . . so long as its findings encompass the factual predicates necessary for a finding of perjury." *See id.* (quoting an unpublished opinion); *United States v. Macias-Farias*, 706 F.3d 775, 782 (6th Cir. 2013) (quoting *Sassanelli*).

Here, the district court failed to make the required findings before it applied the obstruction-of-justice enhancement. The court did not identify instances of Warner's allegedly false testimony and, in fact, never mentioned the word "perjury," although it seems apparent from the record and from the parties' briefs on appeal that the obstruction-of-justice enhancement was based on perjury and not on another type of covered conduct. Nevertheless, the only finding in the record is the district court's observation that Warner "attempt[ed] to convince the court that he was not at all involved in the criminal activities for which he was indicted at the time he testified under oath." This non-specific statement fails to "identify those particular portions of the defendant's testimony that [the court] considers to be perjurious." *Sassanelli*, 118 F.3d at 501. Moreover, the government does not suggest that Warner's perjury was so pervasive that it could not be listed, *see id.*, because the government did in fact list the testimony it considered false in its sentencing memorandum.

Instead, the government argues that the district court implicitly adopted the list of Warner's false testimony set out in the government's sentencing memorandum and discussed in its statements at the sentencing hearing. We disagree. Although the court referenced the prosecutor's "comments as mimicked by his earlier writing," it did so while discussing whether the suppression hearing should be considered part of an "investigation" or the "prosecution." The court neither stated nor implied that it was adopting the government's list of Warner's alleged perjury. Moreover, a mere inference that the district court's ruling was based on the government's arguments is not enough for this court to affirm imposition of the enhancement. *See United States v. McRae*, 156 F.3d 708, 713 (6th Cir. 1998).

Even if we were to find that the district court fulfilled the first requirement for imposing the enhancement by implicitly adopting the government's list of perjured statements, there is no indication in the record that the court fulfilled the second requirement by finding that the perjury was material and made with willful intent. *See Bazazpour*, 690 F.3d at 808. Although the parties briefed the issue of whether Warner's testimony at the suppression hearing was material, "an appellate court is not well-placed to make factual findings of perjury in the first instance." *Macias-Farias*, 706 F.3d at 783. When the district court fails to make the required factual findings concerning materiality or intent, the sentence must be vacated and remanded for further proceedings. *See United States v. Kamper*, 748 F.3d 728, 748–49 (6th Cir. 2014).

Accordingly, we find it necessary to vacate Warner's sentence and remand the case to allow the district court either to find on the record that Warner "(1) made a false statement under oath (2) concerning a material matter (3) with the willful intent to provide false testimony," *Macias-Farias*, 706 F.3d at 782 (internal quotation marks omitted), or to resentence him using the correct initial guideline range, without the obstruction-of-justice enhancement.

For the reasons set out above, we VACATE the district court's sentencing order and REMAND the case for further proceedings.